STACIA L. ROBERTO v. HONEYWELL, INC., ET AL.
(11705)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued October 27, 1993—decision released February 15, 1994

*Karen L. Murdoch,* with whom were *Wesley W. Horton* and, on the brief, *M. Hatcher Norris,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom were *Denise Radosevich* and, on the brief, *Michael J. Walsh,* for the appellees (defendants).

LANDAU, J. In this negligence action, the plaintiff appeals from the judgment of the trial court rendered on a jury verdict in favor of the defendants. On appeal, the plaintiff claims that the trial court improperly (1) granted the defendants' request to amend their answer, and (2) applied Practice Book § 220 (D)[1] to her offer of a rebuttal expert witness.

---

[1] Practice Book § 220 (D) provides in pertinent part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant

The following facts are relevant to this appeal. On October 7, 1988, a one car collision occurred in Glastonbury. The plaintiff, Stacia L. Roberto, and the defendant, Shannon Garrett, were occupants of the motor vehicle.[2]

On August 15, 1990, the plaintiff commenced an action, sounding in negligence, to recover damages for injuries sustained as a passenger in the vehicle as a result of the collision. Her complaint alleged that the defendant Garrett was the driver of the car and that Garrett's negligent operation of the vehicle caused the plaintiff's injuries. The defendants filed an answer on September 30, 1991, denying the allegations of negligence and pleading insufficient knowledge to all the remaining allegations, including the allegations relating to the identity of the operator of the motor vehicle. On January 28, 1992, the case was claimed to the trial list. On March 24, 1992, Garrett, in response to the plaintiff's interrogatories, denied that she was operating the car at the time of the collision.[3] On June 1, 1992, pursuant to Practice Book § 220 (D), the defendants timely disclosed Edward McDonough, deputy chief medical examiner of the state of Connecticut, as an expert witness. The plaintiff's motion to preclude the defendants' expert testimony was denied. The court

shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown."

[2] The car was owned by the defendant DL Peterson Trust and leased to the defendant Honeywell, Inc. The car was provided to the defendant Warren Garrett by Honeywell, Inc., for business purposes and personal and family use. Our reference to Garrett designates Shannon Garrett.

[3] Garrett's responses to the interrogatories were filed four days before the expiration of the plaintiff's time for disclosure of expert witnesses, but after the plaintiff had disclosed five such experts.

ruled that the defendants disclosed their expert within the time specified in § 220 (D). The trial court allowed the plaintiff the opportunity to depose McDonough.[4] On June 1, 1992, the defendants also moved to amend their answer; the amended answer denied the plaintiff's allegation that Garrett was driving the vehicle at the time of the collision, and added a special defense alleging that the plaintiff was operating the vehicle and was negligent in that operation. The trial court granted the defendants' motion to amend and overruled the plaintiff's objection. Jury selection began on June 4, 1992; the plaintiff began presenting evidence on June 16, 1992.

On June 25, 1992, McDonough testified for the defendants concerning the nature of the plaintiff's injuries and the consistency of those injuries with the defendants' theory that the plaintiff was the driver of the vehicle at the time of the accident. On the same day, the defendants' case was concluded, and the plaintiff sought to call an accident reconstructionist as a rebuttal expert witness. The plaintiff had not disclosed previously this expert witness.[5] The trial court sus-

[4] The plaintiff deposed McDonough on June 22, 1992, prior to his testimony at trial, but after her case was rested. The plaintiff rested her case on June 18, 1992.

[5] The plaintiff claimed, when pressed at oral argument, that she had no idea when her rebuttal expert was retained to testify. She also argued, inter alia, that, no matter when that information became known to her, she had no duty to disclose the expert's name and proposed testimony prior to presenting the expert because the need for rebuttal expert testimony did not arise until the defendants had rested. Practice Book § 232 provides for a continuing duty upon a party to disclose to an opponent new or additional material or information previously requested; the trial court may impose sanctions for noncompliance with this section. See *Berry* v. *Loiseau*, 223 Conn. 786, 801, 614 A.2d 414 (1992); *Caccavale* v. *Hospital of St. Raphael*, 14 Conn. App. 504, 507, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988); *Voight* v. *Selman*, 14 Conn. App. 198, 202, 540 A.2d 104 (1988). We advocate the earliest possible disclosure of such information in order to avoid trial-by-ambush tactics. See *Berry* v. *Loiseau*, supra.

tained the defendants' objection to the plaintiff's rebuttal expert. The jury returned a verdict for the defendants on June 26, 1992;[6] the trial court denied the plaintiff's motion to set aside the verdict. This appeal ensued.

The plaintiff's first claim challenges the trial court's granting of the defendants' motion to file an amended answer. The trial court allowed the defendants to amend their answer on June 16, 1992, the day the plaintiff's case commenced. The amendment denied the plaintiff's allegation that Garrett was driving the vehicle,[7] and added a special defense alleging that the plaintiff was the operator of the vehicle at the time of the accident, and was negligent. The plaintiff argues that the trial court should not have allowed the amendment because, even though Practice Book § 176 permits a party to amend his pleading at any time upon request to the court, such amendment should be denied if the parties are unable to join issue in a reasonable time for trial.[8] The plaintiff claims that allowing the amendment caused "prejudice" and "injustice" in the presentation of her case, and thus was an abuse of discretion. The defendants argue that the trial court's ruling was an appropriate exercise of its discretion. In addition, the defendants contend that the plaintiff cannot claim unfair prejudice or surprise because she was sufficiently forewarned that the defendants disputed the claim that Garrett was the operator of the car at the time of the accident. We agree that the trial court did not exceed its discretion.

[6] The jury stated in special interrogatories that the plaintiff was the driver of the car.

[7] The defendants' original answer denied the allegations as to negligence and pleaded insufficient knowledge as to the remaining allegations, including the allegation that Garrett was driving the vehicle at the time of the accident.

[8] Practice Book § 176 provides in pertinent part: "The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. . . ."

"A trial court has wide discretion in granting or denying amendments to the pleadings and rarely will [a reviewing] court overturn the decision of the trial court. . . . We will not disturb the ruling of the trial court in granting or denying amendments to the pleadings unless an abuse of discretion is clearly evident." (Citations omitted; internal quotation marks omitted.) *Howard* v. *Robertson,* 27 Conn. App. 621, 627–28, 608 A.2d 711 (1992). "In reviewing claims that the trial court abused its discretion the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness; the ultimate issue is whether the court could reasonably conclude as it did . . . ." (Internal quotation marks omitted.) *Rokus* v. *Bridgeport,* 191 Conn. 62, 72, 463 A.2d 252 (1983). In the present case, the amendment was permitted because the trial court deemed the special defense "necessary to proceed with trial." From our review of the record, we conclude that the trial court could have reasonably concluded as it did, and thus acted within its discretion.

The plaintiff next claims that the trial court acted improperly in its application of Practice Book § 220 (D). The plaintiff argues that § 220 (D) does not apply to rebuttal expert witnesses. She contends that the exclusion of her expert witness' testimony on rebuttal was prejudicial to her case and, thus, the trial court exceeded its discretion. The defendants argue that because the plaintiff did not disclose the rebuttal expert within the sixty days after the date the case was claimed to the trial list, her rebuttal expert is precluded from testifying, pursuant to § 220 (D).

Section 220 (D) applies to rebuttal expert witnesses. The rule provides that if the name of any expert is not disclosed in accordance with this subsection, the expert shall not testify except in the discretion of the trial court for good cause shown. Practice Book

§ 220 (D). " 'The rules of statutory construction apply with equal force to Practice Book rules. . . . A basic tenet of statutory construction is that when a statute [or rule of practice] is clear and unambiguous, there is no room for construction.' " *State* v. *Charlton,* 30 Conn. App. 359, 364, 620 A.2d 1297, cert. denied, 225 Conn. 922, 625 A.2d 824 (1993). Clearly, § 220 (D) accommodates the circumstance in which a plaintiff finds it essential to rebut testimony through the use of an expert opinion after the disclosure time limit has expired. The rule provides a safety valve wherein the determination of whether such an expert will be allowed to testify is a discretionary decision to be made by the trial court after good cause is shown. See *Knock* v. *Knock,* 224 Conn. 776, 782, 621 A.2d 267 (1993); *Berry* v. *Loiseau,* 223 Conn. 786, 800, 614 A.2d 414 (1992).

In the present case, the trial court applied § 220 (D) and excluded the testimony of the plaintiff's expert on rebuttal. After noting that the plaintiff failed to make a timely disclosure, the trial court found that the admission of testimony of the rebuttal expert would cause prejudice to the defendants and undue delay. Section 220 (D) permits the trial court the discretion to allow the plaintiff's expert witness to testify, despite noncompliance with § 220 (D) time limitations, if good cause is shown. *Knock* v. *Knock,* supra. The trial court did not apply the standard set out in the rule, i.e., good cause. We recognize that "[n]either § 220 (D) nor the cases interpreting it define what constitutes 'good cause.' The language of the rule, however, makes clear that the trial court is to exercise broad discretion *in determining whether good cause exists* in a given case. . . ." (Emphasis added; internal quotation marks omitted.) *Berry* v. *Loiseau,* supra. The decision of the trial court is given great weight and deference because "the trial court is in the best position to assess the intent behind the behavior of the offending party

. . . ." (Internal quotation marks omitted.) Id., 801. An assessment of the plaintiff's intent as to late disclosure of an expert witness is congruous with a determination as to whether good cause exists. Indeed, good cause is defined as "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law [and] [l]egally sufficient ground or reason." Black's Law Dictionary (6th Ed. 1990); see also *Slifkin* v. *Condec Corp.*, 13 Conn. App. 538, 549, 538 A.2d 231 (1988). Thus, the scope of the trial court's discretion required it to review the intent and the reasons given by the plaintiff for not disclosing her expert witness within the time frame set forth in § 220 (D), and to determine if those reasons, particular to this case, amounted to good legal excuse. The reasons given by the trial court for excluding the plaintiff's expert testimony, prejudice and delay, do not constitute a good cause assessment. We conclude that the trial court's decision to exclude the plaintiff's expert testimony was not based on an examination of the proper criteria as contained in § 220 (D), and therefore, the trial court exceeded its discretion.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.