[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION REGARDING ITS PROPOSED EXPERT WITNESSES.
Plaintiff Holly Flor has brought this malicious prosecution action against the Defendants New Milford Bank Trust Company, its officers and attorneys, and two officers of the New Milford Police Department. The Defendant Bank incurred an approximate $160,000 loss when Plaintiff withdrew from her accounts at that Bank funds which she had deposited that day and/or the previous day with checks which were subsequently dishonored by the CT Page 10992 drawee bank for insufficient funds. A charge of Larceny in the first degree (General Statutes § 53a-122) brought against the Plaintiff was dismissed (Dranginis, J.) immediately after the charge was nolled by the prosecutor.
The case was claimed to the trial list on March 29, 1993. Jury selection commenced on October 18, 1994 and is presently still in progress. Plaintiff, by motion dated October 21, 1994, has requested permission to produce at trial the testimony of five expert witnesses. This is the fifth time the issue regarding these witnesses has been presented to the Court. The previous four times the request was denied (Pickett, J.) either by denial of Plaintiff's motion or by sustaining Defendants' objections.
Practice Book § 220(D) requires the disclosure by plaintiff of its trial experts "within 60 days from the date the case is claimed for trial." If disclosure is not so timely made, Practice Book § 220(D) provides that "such expert shall not testify except in the discretionof the court for good cause shown." (Emphasis added.)
The 60 day period expired May 28, 1993. Plaintiff's disclosure regarding these experts, namely Professor Geoffrey Hazzard, John Salsburg and Paul Fischer, was filed on June 7, 1993. Her disclosure regarding Drs. Lisa Diamond and Alfonse Altorelli was filed on June 23, 1993. These disclosures were not timely made.
The issue regarding these witnesses was fully argued before this Court on four prior occasions. Each time, the Court (Pickett, J.) ruled adversely to Plaintiff. The filing dates of these rulings, all issued without written opinion, were respectively July 26, 1993, August 9, 1993, September 13, 1993 and January 10, 1994. Plaintiff's present motion has been filed over nine months after the fourth and most recent adverse ruling.
Plaintiff cites Berry v. Loiseau, 223 Conn. 786
(1992) for the proposition that Connecticut courts have typically allowed expert witness disclosure during jury voir dire. The issue in Berry arose for the first time on defendant's motion in limine during trial. The trial CT Page 10993 court had previously permitted the defendant to offer the testimony of two witnesses disclosed for the first time during voir dire. Berry is distinguishable.
Plaintiff argues that the prior adverse rulings on this issue do not constitute law of the case, but are interlocutory orders which may be vacated, modified or departed from, citing Breen v. Phelps, 186 Conn. 86, 98-99
(1982). However, the Breen court noted that "where a matter has been previously ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat this decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Id., 99. The purpose is to deter judge shopping.
Practice Book § 220(D) is clear and unambiguous.Roberto v. Honeywell, Inc., 33 Conn. App. 619, 622
(1994). It was therefore incumbent upon the Plaintiff, both at this and at previous hearings, to make a showing of good cause for her failure to comply. The "good cause" grounds asserted by Plaintiff at this hearing were (1) that the initial disclosure was only five days late, and (2) that discovery was stayed for a several month period when this case was docketed in the U.S. District Court pending that court's ruling on whether to remand. Plaintiff's counsel confirmed that these are only the good cause grounds offered and relied upon by Plaintiff both at this hearing and in the prior hearings.
While what constitutes "good cause" has not been defined either in Practice Book § 220(D) or the cases interpreting it, "[t]he language of the rule, however, makes clear that the trial court is to exercise broad discretion in determining whether good cause exists in a given case." Roberto v. Honeywell, Inc., supra, 625, quoting from Berry v. Loiseau, supra, 801. Roberto, which involved a proposed rebuttal expert, reversed a trial court denial making no finding on good cause. Contrary to Roberto, the Court finds in this case that the Plaintiff has not shown good cause.
The time sequences stated by Plaintiff's counsel are not correct. The initial disclosure of three experts, dated June 2, 1993 and filed June 7, 1993, bears a CT Page 10994 certification date of June 4, 1993 as the date of mailing to Defendants' counsel. The initial disclosure regarding the two doctors, dated June 21, 1993, was filed June 23, 1993. Plaintiff has offered no reasons, no less a reason constituting good cause, for its late disclosure.
The U.S. District Court order staying discovery until its remand ruling entered on December 18, 1992. Its remand order was filed January 6, 1993, less than three weeks later. Clearly, this short discovery stay cannot be a good cause reason for late filing.
The allegations against these Defendants include claims that without probable cause they instigated the arrest of the Plaintiff on a Class B felony charge, and that they did so with malice. These are serious charges not to be lightly made. Accordingly, this case is distinguishable from Knock v. Knock, 224 Conn. 776
(1993), where the need for the subject expert did not arise until shortly before trial and could not reasonably have been anticipated. Moreover, unlike Knock where the opposing party did not request a continuance, each of these Defendants asserts for good reason that, if Plaintiff's motion is now granted, a considerable continuance will be required both for discovery purposes and for the obtaining of opposing experts.
Plaintiff argues that the testimony of these experts is crucial to her case. However, Defendants counter that the indicated proposed testimony of the three non-medical experts is not relevant. For example, they state that neither the proposed testimony of Professor Hazzard on legal ethics nor that of Fischer and Salsburg on banking practices is relevant on the primary issue of whether probable cause existed to charge the Plaintiff with criminal conduct. While the issues of such relevance and admissibility of the subject testimony are premature, Plaintiff could offer no authority at this hearing in support of relevance.
The testimony of the two doctors would be relevant only on the damage phase of this bifurcated trial. Each apparently was a treating physician. The parties concede that each may still give limited testimony as a treating physician. CT Page 10995
The foregoing grounds asserted by Plaintiff at this hearing, being the same that she asserted at the prior hearings, do not constitute good cause. Plaintiff has proffered no new or overriding circumstance why the prior rulings of this Court should be reversed. Defendants' objections are sustained.
Plaintiff's motion is denied.
DAVID L. FINEBERG, J.