[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TODISCLOSE EXPERT, DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY,PLAINTIFF'S OBJECTION THERETO, AND PLAINTIFF'S MOTION TO COMPEL
These motions arise out of the following facts: This is a negligence action involving an automobile accident in which the plaintiff alleges she was a passenger in the defendant' s vehicle operated by the defendant, Shannon Garrett. The action was commenced on August 15, 1990. The case was tried to a verdict and reversed on appeal because the Appellate Court found that the trial judge did not hold a hearing to determine whether there was good cause shown to permit the plaintiff to have an expert testify pursuant to P.B. § 220D at that trial. Roberto v. Honeywell, Inc., 33 Conn. App. 619
(1994).
Although the Appellate Court did articulate the procedural background of the case in its decision, it is necessary for this court to refer to the procedural happenings in this instance.
On March 24, 1992, although not previously admitting or denying that she was the operator, Garrett denied she was the operator in response to an interrogatory.
On June 1, 1992, three days before the commencement of jury selection, the defendants disclosed an expert to support this claim and amended their answer accordingly. The trial court permitted the expert disclosure because it was timely pursuant to P.B. § 220D.
After the expert testified, the plaintiff sought to present her expert as rebuttal (as to the question of who was operating the vehicle) but was denied this request by the CT Page 12787 trial court as untimely.
The plaintiff now seeks permission to use this expert testimony in the upcoming retrial claiming good cause.
Although the Appellate Court's remand was in February of 1994, this motion was not filed until November, 1994. Plaintiff changed counsel in September of 1994.
As the Appellate Court has pointed out in its decision, the crucial question in the interpretation of P.B. § 220D and the exception to the time constraints imposed therein is the finding of good cause by the trial court. Our Supreme Court has articulated that our entire rules of discovery "are designed to make a `trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Knock v. Knock, 224 Conn. 776,782 (1993).
Of course, the court must always balance any such request as this against the prejudice, if any, which may result to the opposing party when it determines whether or not such good cause does, in fact, exist.
In this case, the court concludes that the plaintiff has demonstrated good cause to disclose her expert at this time, grants the plaintiff's motions and denies the defendants' motions.
Although there may have been some questionable delay in seeking court approval of this motion by the plaintiff's previous attorney, there was certainly greater delay in making the plaintiff aware of the defendants' intention to make an issue of operation until the virtual eve of trial. Obviously, the defendants felt there was a need to amend their answer to put this issue before the jury, but the plaintiff had no such notice until the trial was about to begin. The defendants have longer notice of the plaintiff's expert at this time than the plaintiff had of the defendants' expert at the time of trial. The defendants will further have an opportunity to examine the plaintiff's expert at a deposition which the plaintiff has noticed for December 20, 1994 which the court estimates will be at least one month before the commencement of the taking of evidence. CT Page 12788
More important, however, is that our courts have long held that the parties should be aware of all the facts at issue and have the jury decide the issues on their merit. Cat and mouse games are to be discouraged. See Sturdmant v. Yale-NewHaven Hospital, 2 Conn. App. 103, 106 (1984).
In this case, the defendants took advantage of a very late disclosure pursuant to P.B. § 220D because it was authorized within the time frame, leaving the plaintiff practically helpless to challenge the amended complaint as to who was the operator. This is completely contrary to this court's concept of justice and fair play. The plaintiff should have the opportunity to produce her own expert testimony since her failure to previously disclose this expert was in no way due to any neglect or malfeasance on her part. She has shown good cause pursuant to P.B. § 220D.