[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' NOTION SET ASIDE VERDICT(DATED JUNE 5, 1995)
Hearing on this motion was delayed because of the trial schedule of plaintiff's attorney and the vacation schedule of defendants' attorneys. This decision has also been delayed because of my trial schedule.
This complaint was served in hand on defendant Gary Sharpe on September 20, 1989 and filed in court on September 25, 1989. Angus McDonald — Gary Sharpe and Associates Inc. were joined as defendants as on file.
Plaintiff filed his "request for leave to amend complaint" in court on May 11, 1995. Defendant objected. The objection was overruled after a hearing. The court ruled that the original complaint "fairly [apprised]" the adverse party of the state of facts which (plaintiff) intended to prove." Buckman v. PeopleExpress, Inc., 205 Conn. 166, 173 (1987) and that "there (was no) sound reason for denying permission to amend." Falby v. Zarembski,221 Conn. 14, 24 (1992). CT Page 8960
The amendment did not introduce a new cause of action, nor would not, and did not, result in unduly delay of the trial.
"In order to determine whether the verdict should be set aside, the evidential underpinnings of the verdict itself must be examined." Barbieri v. Taylor, 37 Conn. Sup. 1, 4 (1980). Barbieri presented a claim that the verdict was "inadequate". This motion presents several issues as therein stated that must be addressed. The court must however move cautiously to determine whether it should interfere with the verdict of the jury.
Factors to be considered include whether the verdict does manifest injustice and is palpably against the evidence or compels the conclusion that the jury were influenced by partiality, prejudice, mistake, or corruption. Barbieri above, page 3,Mulligan v. Rioux, 38 Conn. App. 546, 554 (1995).
This motion to set aside addresses two basic claims.
1.
The verdict returned on Count III — Breach of Contract was contrary to law and the evidence. This claim concentrates on paragraph 17 of count three of the amended complaint stating:
 "The plaintiff was a direct and intended beneficiary of the contract for performance of site plan work made by and between Edward Lang and the Defendant Angus McDonald — Gary Sharpe and Associates, Inc., in the summer of 1985."
Interrogatory responses returned by the jury found that plaintiff did not prove that plaintiff was an "intended" or "contemplated" third party beneficiary to the contract.
The jury found that plaintiff was a "foreseeable" third party to the contract.
The issue narrows to whether the use of the word "direct" in the above quoted paragraph of the complaint adequately covers the finding of the jury that the plaintiff was a "foreseeable" third-party beneficiary of the contract.
Connecticut General Statutes § 1-1 states in part: CT Page 8961
 "Words and phrases. (a) In the construction of the statutes words and phrases shall be construed according to the commonly approved usage of the language. . . ."
The American College Dictionary defines "direct" in many ways. Several meanings that are appropriate in this claim are: "proceeding in a straight line or by the shortest course; straight; undeviating; proceeding in an unbroken line of decent; going straight to the point; straight forward; in a direct manner; directly straight.
Notwithstanding that the above quoted "direct and intended" is in the conjunctive, the three interrogatories submitted to and returned by jury were precise as to the three separate questions.
The above quoted wording of paragraph 14 of count III of the amended complaint:
 "could have alleged the nature of [the claim] more precisely . . . under the rules of practice governing pleading. A party may plead legal effect as long as the pleading `fairly (apprises) the adverse party of the state of facts which it is intended to prove.'" Buckman above p. 17.
On the basis of these allegations in paragraph 14 above the conclusion is that they set forth a cause of action for the plaintiff as a third party beneficiary of the contract.
 "Contracts for the benefit of a third party are enforceable without any requirement that the promisor's performance be rendered directly to the intended beneficiary". State v. Smith, 184 Conn. 194, 197 (1981).
The finding of the jury that plaintiff was a "foreseeable" third party beneficiary of the contract is supported by the evidence and the law.
 II.
This count addresses plaintiff's claim that defendants were CT Page 8962 negligent in performing site plan work in the summer of 1985. Since this action was brought in October, 1989 more than three years following the act or omission complained of defendants assert the claim that it is barred by Connecticut General Statutes, § 52-584. (Two year statute). Plaintiff relies on § 52-584a permitting an action in negligence in the design of an improvement to real property to be brought against an engineer or architect within seven years following substantial completion of such improvement.
 "improvement" . . . "a bringing into a more valuable or desirable condition, as of land or real property; a making or becoming better; a betterment . . . something done or added to real property which increases its value." American College Dictionary.
There can be no question that a properly completed site plan for a septic system would enhance or bring into a more valuable or desirable condition (raw land) as something done or added to the subject land that increased its value.
Defendants attack the application of § 52-584a by isolating the words of 584a(a)(b) stating in part "injury to property real orpersonal" ignoring the wording "arising out of any such deficiency"
and the fact that (A) immediately preceding (B) must be read as written by the legislative, namely (in part):
 "No action . . ., whether in contract, tort, or otherwise (1) to recover damages (A) for any deficiency in the design, planning, contract administration, supervision, observation or construction of an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency."
The United States Supreme Court defined the word any in its landmark decision interpreting the Internal Review Code of 1939 and holding that "income" from "any" means all sources unless exempt by statutes, is taxable. There can be no doubt of the legislative intent in using the phrase "any such deficiencies." The conclusion is that the facts and applicable law fall under the mandate of the seven year statutes i.e. § 52-584a.
Defendants next claim prejudice as a result of (1) permitting a registered sanitarian, Mr. Philip Block, to testify as to the CT Page 8963 standard of care required of civil engineers. He was neither a member of the engineering profession nor a licensed practicing engineer, and (2) permitting Mr. Robert Hart to testify as to the recognized standard of care and the breach of the standard of care.
 "The admissibility of expert testimony depends on whether the witness offered as an expert possesses any peculiar knowledge or experience, not common to the world, which renders [his] opinions founded on such knowledge or experience any aid to the court or the jury in determining the questions at issue. The knowledge may be drawn from reading alone, from experience alone, or from both. Whether a witness is qualified to testify as an expert is a matter that lies within the discretion of the trial court. Expert testimony is admissible if the witness possesses a special skill or knowledge directly applicable to a matter in issue, the skill or knowledge is not commonly shared by the average person, and the testimony would be helpful to the court or jury in considering the issues; or in teaching the jury to view items of physical evidence by focusing their attention on certain salient features." State v. Hasan, 205 Conn. 485 (1987).
 Philip Block
This witness had a background in biology. He has a B.S. degree, a Master's in Public Health and a J.D. since 1967 he was engaged in health and environmental issues. His employment was as a consultant in this field. He had experience as a town sanitarian and in public health administration. He had experience in the planning and design of septic systems as well as soil types, bacteria counts, he had reviewed thousands of site plans and septic systems. He was familiar with the Public Health Code and Regulations and design manuals. He had testified in court as an expert 50 times. He was exposed to problems concerning wetlands, restaurant waste disposal problems, food handling problems, and had necessary information and knowledge concerning contours, soil subsurface materials, deep pit test holes. He had been a town Sanitarian, he had attended Seminars and had written articles regarding septic systems, followed legislation and committee CT Page 8964 hearings, he was present in this court and heard testimony of other witnesses, he was aware of the water table and ground water in the area, types of soil i.e. sand, gravel, silt, slopes, water absorption and all pertinent and relative physical evidence available to the jury. He was aware of the fact that subject land was an area of special concern.
Objection to his testimony as an expert i.e. qualification was overruled, the jury was instructed in detail concerning the credibility and weight to be afforded testimony of an expert.
 the "crucial question is whether . . . (the expert) knows what . . . (the standards of practice) are." Pool v. Bill, 209 Conn. 536, 542 (1989).
His opinion was the testing done by defendants in this area of special concern was not adequate and was a deviation from the standard of care required and necessary for a proper septic system design.
Mr. Robert C. Hart
This claim of defendants admits Mr. Hart was described as an expert and was deposed in July of 1992, three years prior to trial. At deposition he did not say that the testing by the defendant was performed negligently. Defendants' claim in this motion that he specifically stated at deposition.
 "I can't tell whether the guy who did it, did it negligently. He might have done what he was suffered to. I wasn't there. I can't tell that."
Before the jury Mr. Hart testified that the testing by the defendants' via their employee, who was called by plaintiff as an adverse witness under the statute, was a deviation from the standard of care required and necessary for a proper septic system design in this special concern area.
Mr. Hart, a qualified expert (admitted by defendants) first heard the facts of defendants' testing procedure during the trial. Defendants now claim unfair prejudice, surprise and claim "trial by ambush", based on the testimony of defendants' own employee who at all times was under the control of defendants. Defendants were CT Page 8965 sufficiently forewarned of the plaintiff's claims of negligence.
In Roberto v. Honeywell, Inc. 33 Conn. App. 619 (1994) that court discusses the safety value wherein the determination of allowing a rebuttal expert witness to testify notwithstanding the provision of P.B. § 220D and the continuing duty to disclose to an opponent new or additional material or information. Without question such information should be declared at the earliest possible point in time to avoid "trial by ambush" allegations.
This court finds a substantial reason amounting in law to a legal excuse for the plaintiff not disclosing to defendant the precise substance of the facts and precise opinion to which Mr. Hart was expected to testify, and a summary of the grounds for each opinion to be the fact, that, "facts" before the jury presented during the trial under § 52-178 is the basis for a determination and finding of good cause permitting Mr. Hart's opinion.
Section 52-178 allowed the plaintiff Alternatives in trial tactics. Plaintiff opted to call an employee of defendant to testify and be examined to the same extent as an adverse witness. The employee was a fact witness i.e. what he did (personal knowledge). That employees personal knowledge was within and under control of defendants.
To claim plaintiff exercised "trial by ambush" in following the alternatives of § 52-178 defies logic and reason.
The jury had the opportunity to observe the witness under direct and cross examination and determine his credibility. Certainly Mr. Hart's expert opinion based on court testimony, before the jury and Mr. Hart, for the first time, presented "good cause" under P.B. § 220 D. Roberto v. Honeywell,
above.
The court is unable to find any "evidential underpinning of the verdicts" on which to predicate a finding that would warrant setting aside either verdict.
Plaintiff presented adequate expert testimony which if fully believed by the jury satisfied his burden of proving, by a fair preponderance of the evidence, his claim that defendants breached the appropriate standard of care of a professional engineer thus providing a predicate by which the jury was able to assess and determine defendants' professional performance. CT Page 8966
Both motions to set aside Count 3 and Court 4 are denied.
Defendants Motion to Amend Motion to set Aside the Verdict
The original complaint claimed "judgment against the defendant for 2. Interest and Costs" and enumerated "legal interest" in the jurisdictional claim to establish the $15,000.00 minimum amount in Demand."
 "And if interest is to be challenged . . . it is regularly to be charged, and made parcel of the debt alleged, that the adverse party may have notice of it upon Oyer. Thompson v. Wales and Moor Kirby's Reports, 1785-1788, p. 38. Windham Co., March Term, 1788.
Defendants had notice of plaintiff's claim for interest. The court takes judicial notice of § 37-39. This case was for breach of contract and negligence, not book debt as in Thompson above. However, the opportunity for Oyer was present.
This amended motion to set aside verdict claims prejudice because the court read Sec. 19-13-B103e(d)(1-6) of State department of Health Services Regulation to the jury.
Practice Book § 316 allows any party intending to claim the benefit of "any specific statute to file a written request to charge on the legal principle involved". Plaintiff filed his request in writing. The regulations was a proper tool enabling the plaintiff to claim benefit under title 19 "Public Health and Safety" and title 19a "Public Health and Well-being".
Defendants boldly allege that the regulations was prejudicial and should not have been given. This claim was not detailed enough to fairly apprise the plaintiff and the court of specific reasons.
Both the original and amended Motions to Set aside the verdict on Count 3 Breach of Contract and Count 4 Negligence are denied.
John N. Reynolds State Trial Referee CT Page 8967