[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to object to the late disclosure of Dr. Duncan Glover as a plaintiff's expert who is expected to testify at trial. The defendant has deposed several of plaintiff's experts, but has not yet deposed Dr. Michael Baden or Dr. Duncan Glover.
The defendant claims that Glover was not disclosed within 60 days of the claim for the trial list as required by Practice Book § 220(D). However, the defendant has not disclosed any experts within 120 days of the claim for the trial list. The courts have not enforced the 60 day or the 120 day rule. They have rather followed the last sentence of CT Page 10582 Section 220(D) ". . .such expert shall not testify except in the discretion of the court for good cause shown."
Our appellate courts have only upheld preclusion of experts where bad faith or deliberate deception has been proven. The trial court is to exercise broad discretion in determining whether good cause exists in a given case otherwise, the testimony of the expert has been permitted. The 60 and 120 day rule, as such, has never been enforced merely because 60 or 120 days has elapsed. In this case, neither party has disclosed all experts within the time period. If the rule were taken literally, both the plaintiff and the defendant would be precluded from presenting any experts. This is not the law according to appellate courts. Rather, the rule is that a reasonable time is permitted unless there is deliberate deception or bad faith demonstrated.
In this case, the defendant claims prejudice in that he has already disposed several of the plaintiff's experts, and may have to depose them again based upon Glover's testimony. The court is not persuaded by this argument. Counsel has failed to establish any need for questioning the plaintiff's experts again in the light of Glover's testimony.
Defense counsel, in his brief, cites the case of Robertov. Honeywell, Inc., 33 Conn. App. 619, 626 (1994). He states "(affirming trial court order precluding testimony of expert witness not disclosed in accordance with deadlines set forth in Practice Book § 220(D)."
Counsel has completely misstated the holding in the case. The ruling of the appellate court reversed the trial court order precluding the testimony of the expert witness.
The holding of the court was:
 "The reasons given by the trial court for excluding the plaintiff's expert testimony, prejudice and delay, do not constitute a good cause assessment. We conclude that the trial court's decision to exclude the plaintiff's expert testimony was not based on an examination of the proper criteria as contained in Section 220(D), and, therefore, the trial court exceeded its discretion.
CT Page 10583
The judgment is reversed and the case is remanded for a new trial." Roberto, supra, p. 626.
While the defendant has deposed plaintiff's experts, Dr. Taff, A pathologlst, and Dr. Katsnelson, the State's medical examiner, he has failed to disclose in either oral argument or in his brief what additional testimony he would require as a result of Glover's opinions as already revealed to defense counsel. Accordingly, the court must conclude there will be no prejudice to the defendant in allowing Glover's testimony.
The plaintiff claims that he is entitled to use the testimony of Glover to respond to theories the defense has raised during its questioning of the plaintiff's experts who have been deposed. The plaintiff has provided the defendant with a summary of Glover's opinions and video tape of Glover's testimony. He also provided the defense with multiple dates on which Dr. Glover will be available for deposition.
The court also finds that the plaintiff was limited in its prior attempts to examine the electrical "snake" on prior occasions. Despite claims by the defendant to the contrary, the plaintiff's prior examination of the product was in a firehouse and was limited in scope. Furthermore, the plaintiff claims to have evidence from Glover that the wiring had been altered from the wiring depicted in photos taken by Thomas Haynes shortly after the plaintiff decedent's death. This claim alone, that the product was altered between the time of Haynes' examination and the time of Glover's examination, while it was in the custody of the defendant's counsel, requires the court to find good cause to allow Glover's testimony.
The defendant's objection is overruled. The motion to preclude Glover's testimony is hereby denied. The court will not order any costs or legal fees should defense choose to continue depositions or redepose plaintiff's experts.
Hurley, J.