[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR EXTENSION OF TIME (#127)MOTION TO SET ASIDE VERDICT (#128) AND DEFENDANT'S OBJECTION TOPLAINTIFF'S MOTION TO EXTEND TIME AND UNTIMELY FILING OF MOTIONTO SET ASIDE VERDICT (FILED 10/2/95)
The jury found that the accident of May 2, 1989 involving the vehicles operated by the parties, was caused in substantial part by the negligence of the plaintiff, Ralph Pascarelli, and set forth the percentages of negligence (found) attributable to each portion as follows:
The plaintiff, Ralph Pascarelli 85%
 The defendant, Charles Altman 15% ---- 100%
This finding of negligence attributed to plaintiff, i.e., 85% is greater than the negligence of the defendant, i.e., person against whom recovery was sought. Under C.G.S. § 52-572h(b) recovery is barred because the jury attributed 85% of the total negligence to the plaintiff. (Interrogatories in file)
The jury was instructed to return a "Defendant's Verdict as Directed By The Court." That verdict was accepted and ordered recorded, and "judgment upon verdict for defendant" was entered on August 22, 1995 as on file.
On September 11, 1995 plaintiff Ralph Pascarelli entered his appearance "In lieu of appearance of attorney or firm Kennedy Johnson already on file." On that date as a "Pro Se" plaintiff filed his "motion for extension of time" (#127) and his "motion to set aside verdict" (#128). CT Page 11412
On october [October] 2, 1995 defendant filed an objection to plaintiff's (1) motions to extend time and (2) untimely filing of motion to set aside verdict plus a memorandum in opposition to plaintiff's motion to set aside verdict.
It is noted that the "Pro Se" motions #127 and #128 are properly and professionally prepared and "certified to all parties" indicating "oral argument not required and testimony not required." Defendant however, requested oral argument and a hearing was provided on October 2, 1995.
Defendant relies on practice book § 320 as support for his objection to plaintiff's motions (#127 and #128). That section mandates that such motions:
 "must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered . . . provided that for good cause the court may extend this time."
As noted above judgment for defendant was entered on August 22, 1995 and, as a "Pro Se", plaintiff filed these motions (#127 and #128) on September 11, 1995. In Small v. South NorwalkSavings Bank, 205 Conn. 751, 757 (1988) the mandated rule of five days is affirmed. The endorsement of good cause to extend this time is also affirmed.
There was no credible evidence presented before the court to provide a foundation to support a finding of good cause for plaintiff's failure to obey the mandate of the five day rule. Good cause is defined as "a substantial reason amounting in law to a legal excuse for failing to perform an act required by law [and] [l]egally sufficient ground or reason." Roberto v.Honeywell, Inc., 33 Conn. App. 619, 629 (1994).
This court cannot retry the case. The jury decided the credibility of the witness and the weight of the testimony and evidence.
The evidence and record is clear that plaintiff failed to file a timely motion to extend time under P.B. § 320 and/or to set aside the verdict.
 "The case at bar presents another of countless instances where an unsuccessful litigant, still unconvinced, renews in this court his previous, fruitless effort to discredit the CT Page 11413 evidence submitted by his opponent. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony."
Morgan v. Hill, 139 Conn. 159, 161 (1952).
The motion for extension of time is denied (#127).
The motion to set aside the verdict is denied (#128).
Defendant's objections to #127 and #128 are sustained.
John N. Reynolds State Trial Referee