[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Victoria Shyrer (Shyrer), instituted this proceeding against the defendants, Associated Pulmonologists of Western Connecticut; Larry Wasser, M.D.; and Dale L. Sotherland, M.D., for damages arising out of the termination of her employment. In her amended complaint, she alleges she worked as a medical assistant for the defendants' pulmonary medicine practice for approximately eight months until she was terminated. Shyrer claims that she was terminated because she was pregnant and had made inquiries about the defendants' maternity leave policy.
The first count of the five-count complaint alleges a violation of General Statutes, Sec. 46a-60 (a)(7) which prohibits an employer from, inter alia, terminating a female employee because she is pregnant. The remaining four counts allege causes of action grounded in common law, specifically, breach of contract, negligent misrepresentation, negligent infliction of emotional harm, and a cause of action entitled "negligent performance appraisal."[1]
The defendants have filed a joint motion to dismiss the entire complaint on the ground that the court lacks subject CT Page 3482 matter jurisdiction over the action. They note that Shyrer filed a complaint in September 1993 with the Connecticut Commission on Human Rights and Opportunities (CCHRO) alleging the same misconduct by the defendants, and that on June 24, 1994, she obtained a "release of jurisdiction" from the CCHRO in accordance with Sec. 46a-101 (e) of the General Statutes. They argue that since Shyrer did not commence this action within ninety (90) days of her receipt of the release of jurisdiction by the CCHRO, her entire action is time-barred, including the common law counts.
In response, Shyrer admits that she did not commence this action within ninety (90) days of the CCHRO's release of jurisdiction, but argues that there "is no precedent in the State of Connecticut that a court has dismissed an action based upon § 46a-101 (e), as the defendant asks this court to do." She points out that the cases cited in the defendants' memorandum are factually distinguishable in that those cases were dismissed because the plaintiffs had totally failed to obtain a release of jurisdiction statement from the CCHRO, resulting in a lack of subject matter jurisdiction. In this case, Shyrer argues, she did obtain the release of jurisdiction but subsequently failed to commence the action within ninety (90) days of receiving the statement.[2]
She continues that noncompliance with a statutory time limitation should only deprive a court of subject matter jurisdiction where there is a clear legislative intent that such a result follow. She argues that the defect does not go to subject matter jurisdiction, and thus has been waived by the defendants. Alternatively, if the court finds the defect subject matter jurisdictional, it should only do so with respect to the first count, and that the remaining counts should be unaffected.
On February 28, 1996, the defendants were defaulted for their failure to file a responsive pleading. On March 7, 1996, they filed a motion to set aside the defaults pursuant to Sec. 376 of the Practice Book. Counsel for the defendants asserts several reasons for his failure to file a responsive pleading, including: (1) his lack of support staff because he is a sole practitioner; (2) agreements for extension by plaintiff's counsel; (3) illness; and (4) required court appearances in other judicial districts. On March 21, 1996, counsel for the defendants filed an affidavit setting forth the foregoing facts and attesting to their truth.
Shyrer objects to the motion to set aside the defaults on the CT Page 3483 ground that the reasons cited by defendants' counsel do not constitute good cause within the meaning of Sec. 376 of the Practice Book. Additionally, counsel for Shyrer argues that although he has "afforded the defendant every professional courtesy," there has been no responsive pleading filed — even though it has been more than fifteen months since the institution of the action.
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted; internal quotation marks omitted.) Statewide Grievance Committee v. Rozbicki, 211 Conn. 232,245. The court should address the motion to dismiss first, since it implicates subject matter jurisdiction.
"A motion to dismiss is the proper vehicle to utilize in order to attack the subject matter jurisdiction of the court."Park City Hospital v. Commission on Hospitals and Health Care,210 Conn. 697, 702. Section 46a-100 of the General Statutes provides, in relevant part that any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with Sec. 46a-82, alleging a violation of Sec.46a-60, and who has obtained a release from the commission in accordance with Sec. 46a-101, may also bring an action in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred. Section46a-101 (e) provides that any action brought by the complainant in accordance with Sec. 46a-100 shall be brought within ninety (90) days of the receipt of the release from the commission.
Shyrer's failure to comply with the mandates of Secs. 46a-100
and 46a-101 (e) render her claim for wrongful termination barred as a matter of law. Accordingly, this court lacks subject matter jurisdiction over the first count of her complaint.
Although Shyrer argues that failure to comply with a time limitation should only go to the court's subject matter jurisdiction when the legislature clearly so intends, several courts have already held that compliance with Secs. 46a-100 and46a-101 (e) does implicate subject matter jurisdiction. For instance, in Mehta v. The Wiremold Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533970 (March 17, 1995, Hennessey, J.), the court held that the CT Page 3484 plaintiff's failure to obtain a release of jurisdiction statement from the CCHRO in accordance with Sec. 46a-101 required dismissal of the action for lack of subject matter jurisdiction. The court stated that since the plaintiff failed to obtain a release, and therefore failed to comply with the clear and unambiguous statutory prerequisite embodied in Sec. 46a-101, the court, consequently, lacks subject matter jurisdiction over the plaintiff's private action brought pursuant to Sec. 46a-60 (1).
Similarly, in Luth v. Wal-Mart Stores. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 358488 (August 18, 1995, Hartmere, J.), the court held that failure to obtain a release from the CCHRO to file suit in the Superior Court deprives the Superior Court of subject matter jurisdiction. Although Shyrer has attempted to distinguish these cases from the instant case on the ground that she, unlike the plaintiffs in those cases, did obtain a release of jurisdiction from the CCHRO, the fact remains that she did not comply with the statutory time limitations of Sec. 46a-101 (e) by commencing suit within ninety (90) days from the commission's release of jurisdiction. This renders her claim for wrongful discharge jurisdictionally defective.
This flaw, however, does not destroy the viability of the remaining four counts of Shyrer's complaint which are unaffected by her lack of compliance with Secs. 46a-100 and 46a-101 (e). There is no indication in the statute that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies contained in Sec. 46a-51 et seq. To the contrary, there are many cases in which parties have brought common law claims in addition to claims under Sec. 46a-60. See, e.g., Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.); Malasky v. Metal Products Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541054 (June 7, 1995, Hennessey, J.); Luth v. Wal-MartStores Inc., supra. The defendants' motion to dismiss the first count of Shyrer's complaint is, accordingly, granted but denied as to the other four counts.
Section 376 of the Practice Book provides that a motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. "Good cause has been defined as a substantial reason, CT Page 3485 amounting in law to a legal excuse for failing to perform an act required by law, and a legally sufficient ground or reason." Karpv. Coric, Superior Court, judicial district of New London at New London, Docket No. 530472 (June 9, 1995, Hurley, J.), citingRoberto v. Honeywell Inc., 33 Conn. App. 619, 626.
In consideration of the harshness which might result to the defendants if the defaults are not set aside, and recognizing that whenever possible, cases should be heard on their merits;Snow v. Calise, 174 Conn. 567, 574; counsel for the defendants has shown, by the barest margin, good cause for this court to set aside the default judgments entered against his clients. The correspondence contained in the court's file indicates that Shyrer's counsel has made every effort to afford professional courtesy to the defendants, and that the time has arrived for the defendants to respond to Shyrer's allegations. Additionally, since this is the second time that the defendants have been defaulted for failure to file a responsive pleading. The court permits the defendants to file an answer to the complaint within fifteen (15) days of their receipt of notice of this order.
Moraghan, J.