[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO TERMINATE PROBATION
On October 29, 1992, the defendant, Juanita Martin, was convicted by a jury of threatening, in violation of General Statutes § 53a-62(a)(1), criminal trespass in the second degree, in violation of General Statutes § 53a-108, and interfering with an officer, in violation of General Statutes CT Page 1231 § 53a-167a(a), in connection with her day-long occupation of and standoff with local police at a house on Fairfield Road in Enfield that had been seized from her friends and fellow tax protestors, Andrew and Mary Melechinsky, for failure to pay their federal income taxes. Shortly thereafter, on November 5, 1992, the defendant was sentenced by this Court to a total effective sentence of a $2,000 fine, eighteen months imprisonment, execution suspended, and three years probation on the following special terms and conditions:
 1. The defendant is not to own or possess any firearms or ammunition.
 2. The defendant is to forfeit all firearms and ammunition seized in connection with the investigation and prosecution of this case.
 3. The defendant, is to initiate no contact with any private citizens called by the State as witnesses in this case.
 4. The defendant is to stay completely away from Fairfield Road, located in Enfield, Connecticut.
 5. The defendant is to complete 250 hours of Community Service per year at a rate not less than 20 hours per month during each year of the probationary period, this community service to be performed either on behalf of the Town of Enfield, or on behalf of any non-profit, United Way — supported agency or organization in North Central Connecticut.
 6. The defendant is to make a good-faith effort to secure and maintain at least half-time employment throughout the probationary period — not less than 20 hours per week.
 7. The defendant is to reimburse the Town of Enfield in an amount not to exceed $2000 for all expenses incurred by the Town in responding to and bringing to a peaceful conclusion the armed occupation of 29 Fairfield Road on January 29th and 30th 1992. Total reimbursement will be determined by the Court upon submission of a detailed, itemized bill of special expenses from the Town of Enfield on or before November 20, 1992. Such special expenses are those that have been charged to the Town and assumed as financial responsibility of the Town before November 5, 1992. CT Page 1232
 8. The Court will order remission of the defendant's fines to the extent of the reimbursable, special expenses.
 9. If the defendant becomes incapable for financial reasons to pay the reimbursement, the defendant can perform additional community service in lieu of payment, for which she will receive credit at the rate of $8.00 per hour.
 10. The defendant, on or before the end of the first year of probation, is to provide for each public Junior and Senior High School in the Town of Enfield 100 unedited and unannotated copies of the United States Constitution.
At the conclusion of the defendant's sentencing hearing, the Court ordered that the defendant be released on bail during the pendency of her anticipated appeal from the above-described convictions and sentences under the following terms and conditions: that she post a $20,000 non-surety bond and abide by the conditions of her probation.
Upon hearing the Court announce the terms and conditions of her release pending appeal, the defendant engaged the Court in the following colloquy:
 The Court: ". . . The special condition of that non-surety bond is that during that time Miss Martin must honor her conditions of probation."
 Martin: ". . . How can you enforce probation before the appeal is heard?"
 The Court: "Probation begins immediately. There is no stay of a probationary sentence. In any event that's the conditional (sic) of the bond on appeal . . .".
State of Connecticut v. Martin, Transcript, Nov. 5, 1992, p. 4488.
Apart from this colloquy, the Court did not address the issue of when the defendant's period of probation would formally begin. At no time, more particularly, did it order that that sentence be stayed pending the determination of the defendant's appeal.
When the defendant reported to her probation officer following the sentencing hearing, she was informed that her probation would CT Page 1233 not begin until her appeal was finally decided. As a result of this communication, the defendant did not report further to her probation officer or begin fulfilling her restitution or community service obligations until the Supreme Court denied her petition for certification from the Appellate Court's per curium
affirmence of her conviction on January 22, 1998. State v.Martin, 44 Conn. App. 913, cert. denied, 243 Conn. 967 (1998). She has actively served her sentence since March 19, 1998, when she again reported to her probation officer.
On or about September 1, 1999, the defendant moved this Court for termination of her probation on the ground that her probationary sentence had expired as a matter of law on November 5, 1995, exactly three years after her sentencing hearing. In support of her argument, the defendant relies on General Statutes § 53a-31(a) and Section 948 of the 1978-97 Connecticut Practice Book, both of which were in effect from November 5, 1992 through November 5, 1995.
General Statutes § 53a-31(a) provides that:
 A period of probation . . . commences on the day it is imposed, except that, where it is preceded by a sentence of imprisonment with execution suspended after a period of imprisonment set by the court, it commences on the day the defendant is released from such imprisonment. Multiple periods, whether imposed at the same or different times, shall run concurrently.
Under this statute, the defendant insists that her period of probation commenced as a matter of law on the day she was sentenced, November 5, 1992.
Practice Book § 948, which has since been recodified as Section 43-32 of the new 1998 Connecticut Practice Book, provides that:
 Upon written motion of the defendant, an order placing the defendant on probation may be stayed if an appeal is taken. If it is not stayed, the judicial authority shall specify when the term of probation shall commence.
Under this rule, claims the defendant, a sentence of probation cannot lawfully be stayed unless the defendant moves in writing for such relief. Having never filed such a motion, in writing or otherwise, she claims that her period of probation ran CT Page 1234 continuously from the day she was sentenced until November 5, 1995, the third anniversary of her sentencing, when it expired as a matter of law. On that basis, she concludes that her probation must be terminated forthwith.
In opposition to the defendant's motion, the State has urged this Court to find that notwithstanding the foregoing rule and statute, the defendant's probationary sentence was automatically stayed as a matter of law throughout the period in which her case was on appeal. In support of this position, with which this Court agrees, the State relies upon Section 4048 of the 1978-97 Connecticut Practice and General Statutes § 54-63f.
Practice Book § 4048, which has since been recodified as Section 61-13 of the new 1998 Connecticut Practice Book, provided as follows from November 5, 1992 through January 22, 1998:
 If the defendant is admitted to bail, as provided by statute, the appeal shall operate as a stay of execution pending the final determination of the case. If the defendant shall be in custody when admitted to bail, the clerk of the trial court shall forthwith notify the person having custody of the defendant and that person shall release the defendant from custody. If the defendant is committed after being sentenced and before being admitted to bail, the period of imprisonment shall be counted toward satisfaction of the sentence. If the defendant is admitted to bail, but subsequently surrenders and is admitted to bail, but subsequently surrenders and is admitted to custody while an appeal is pending, the period of imprisonment served shall be counted towards satisfaction of the sentence.
* * *
(Emphasis added) There is nothing in this rule to suggest that its application is somehow limited to particular kinds of criminal cases, based on either the nature of the defendant's convictions or the sentences imposed therefor. So written, the statute plainly provides for the automatic stay of every judgment of conviction from which an appeal is duly taken by a defendant who is "admitted to bail, as provided by statute."
General Statutes § 54-63f, entitled "Release after conviction and pending sentence or appeal," provided as follows throughout the period from the date of the defendant's sentencing until the date when her appeal was finally determined by the CT Page 1235 Supreme Court's denial of her petition for certification[1]:
 A person who has been convicted of any offense and is either awaiting sentence or has given oral or written notice of his intention to appeal or file a petition for certification or a writ of certiorari may be released pending final disposition of the case, unless the court finds custody to be necessary to provide reasonable assurance of his appearance in court, upon the first of the following conditions of release found sufficient by the court to provide such assurance: (1) Upon his execution of a written promise to appear, (2) upon his execution of a bond without surety in no greater amount than necessary, (3) upon his execution of a bond with surety in no greater amount than necessary, (4) upon his deposit, with the clerk of the court having jurisdiction of the offense with which such person stands convicted or any assistant clerk of such court who is bonded in the same manner as the clerk or any person or officer authorized to accept bail, a sum of money equal to the amount called for by the bond required by the court, or (5) upon his pledge of real property, the equity of which is equal to the amount called for by the bond required by the court, provided the person pledging such property is the owner of such property.
* * * *
(Emphasis added.) By its terms, this statute allows the admission to bail of every person who has been convicted of an offense and given notice of his intention to appeal. It does not exclude, expressly or by implication, those who have been sentenced to suspended sentences and periods of probation.
Here, the defendant was "released pending final disposition of the case," pursuant to General Statutes § 54-63f, at the very same proceeding where her sentence was imposed. Having been convicted of three separate criminal offenses, and having indicated an intention to appeal therefrom, she was ordered released on a $20,000 non-surety bond which she signed and duly posted. By the posting of that bond, the defendant was "admitted to bail, as provided by statute," within the meaning of Practice Book § 4048 (now Section 61-13). Accordingly, when, on January 5, 1993, she finally filed her criminal appeal, her judgment of conviction and all portions of the sentence underlying it were automatically stayed until "the final determination of the case." Id. The Court thus rejects the CT Page 1236 defendant's argument that her probation ran continuously, from the day she was sentenced until November 5, 1995. Instead, it concludes that the defendant's probation was stayed by operation of law from January 5, 1993, when she filed her appeal, until January 22, 1998, when her appeal was finally determined by the Connecticut Supreme Court.
The Court is aware, in reaching this conclusion, of the seeming redundancy it clearly suggests between the provisions of Practice Book § 4048 (now Section 63-13) and § 948 (now Section43-32). If Section 4048 applies to all appeals from criminal convictions regardless of the sentence actually imposed, what purpose is served by Section 948?
The Court has two responses to that inquiry. First, the Court's task in interpreting a Practice Book rule is the same as its task in interpreting a statute: to find and enforce the intent of those who formed and enacted the rule. Roberto v. Honeywell,Inc., 33 Conn. App. 619, 625, 637 A.2d 405 (1994) ("The rules of statutory construction apply with equal force to Practice Book rules . . ."). When, however, a rule is not ambiguous, there is "no room for construction," State v. Genotti, 220 Conn. 796, 807,601 A.2d 1013 (1992), and the rule must be enforced in precise accordance with its literal terms.
For reasons previously stated, Practice Book § 4048 is clear and unambiguous on its face. It straightforwardly applies, by its literal terms, to every criminal case in which an appeal is filed by a convicted defendant who is "admitted to bail, as provided by statute." There being "no room for construction" as to the rule's true meaning, it must be applied, as its terms require, to the instant case.
Second, even if construction of Section 4048 (now Section 61-13) were somehow thought to be appropriate despite the clarity of its terms, its scope would not be limited by the existence of Section 948 (now Section 43-32). This is so, the Court believes, because each rule can reasonably be construed to have its own separate scope of operation. Section 4048 (now Section 61-13) obviously provides for an automatic stay of any judgment of conviction from which an appeal is taken by a defendant who "is admitted to bail, as provided by statute." In that sense, of course, its scope is far broader than that of Section 948, which applies only to sentences of probation. In a different sense, however, the scope of relief provided by Section 4048 may CT Page 1237 actually be narrower than that provided by Section 948. In particular, though the automatic stay imposed by Section 4048 does not go into effect until an appeal is actually filed, Section 948 impliedly authorizes the imposition of a stay, upon the defendant's written request, before the appeal is filed.
Section 948, to reiterate, provides as follows:
 Upon written motion of the defendant, an order placing the defendant on probation may be stayed if an appeal is taken. If it is not stayed, the judicial authority shall specify when the term of probation shall commence.
The first sentence of the rule, if read in isolation, suggests that an order of probation cannot be stayed until an appeal therefrom is actually taken. The second sentence, however, suggests to the contrary, implying, as it does, that the time for granting a stay is before the period of probation commences. This conclusion follows from the rule's requirement that the trial court "specify when the term of probation shall commence" if it does not order a stay. Since General Statutes § 53a-31(a) provides that a "period of probation . . . commences on the day it is imposed, except . . . where it is preceded by a sentence of imprisonment with execution suspended . . .," the stay contemplated by Practice Book § 948 must logically be imposable immediately after sentencing, before an appeal is filed. If a motion for stay could not be made until after the appeal were filed, there would be no need to specify when the period of probation shall commence, for it would already have commenced on the day of sentencing under General Statutes §53a-31(a).
In conclusion, even if Practice Book § 4048 is sufficiently ambiguous to require construction — which this Court feels it is not — it should not be read to apply only to non-probationary sentences due to the existence of Practice Book § 948. Each rule has its own independent purpose and scope of operation even if both are read to authorize stays of execution of sentences of probation.
The Court must finally acknowledge that its reading of Section 4048 to impose an automatic stay of execution on every judgment of conviction, including those involving probationary sentences, could severely prejudice any defendant who, believing that a stay could not be ordered unless he moved for it under Section 948, CT Page 1238 actually served his term of probation during his appeal. It would surely be unthinkable — not to mention unconstitutional — to require such a defendant to serve his sentence a second time if and when he lost his appeal.
In this case, however, it is crystal clear that no such prejudice has occurred. This defendant admittedly began to serve her probationary sentence after she lost her appeal, not before. Every hour of community service the defendant is required by her sentence to perform has been performed since the final determination of her appeal. Similarly, every penny of fine or restitution the defendant is required to pay to satisfy her sentence has been paid in that same post-appellate time frame. In short, the defendant, who gladly postponed the service of her sentence until after her appeal was over, cannot now claim that she has been prejudiced by the resulting delay.
For all of the foregoing reasons, the defendant's motion to terminate probation is respectfully DENIED.
Michael R. Sheldon, J.