BEULLAH M. BROCHU *v.* ANDREW M. BROCHU
(4957)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued November 17, 1987—decision released March 22, 1988

*Susan M. Cormier,* with whom were *Wesley W. Horton* and, on the brief, *Bruce Morris,* for the appellant (defendant).

*Charles G. Karanian,* with whom, on the brief, was *Martin M. Rizzi,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action for breach of contract and an accounting against the defendant, her former husband, who counterclaimed for monies expended on behalf of the plaintiff. From a judgment rendered in favor of the plaintiff in the amount of $30,000, the defendant has appealed.[1]

The state trial referee found the following facts. The parties were married on October 16, 1954. Five children were born to the parties during the course of the marriage. Their marriage was dissolved on June 26, 1970, pursuant to a complaint filed by the plaintiff. Judgment was rendered pursuant to a stipulation of the parties whereby the plaintiff quitclaimed her one-half interest in the family home and the defendant agreed to pay $15 per week for support of each of the

---

[1] The decision on the counterclaim seems to be implied in the award for the plaintiff on the complaint.

minor children. After the dissolution, the plaintiff and the parties' children continued to live in the family home, while the defendant lived elsewhere.

In October, 1970, the parties began living together again. The parties orally agreed to live together as husband and wife, to raise the five children as a family unit, and to resume cohabitation in the family residence. It was agreed that their joint income would be used for the family unit. Remarriage was discussed on several occasions. Neither party, however, arranged another marriage ceremony. During this period, the defendant agreed to provide life insurance for the plaintiff along with a health insurance policy and promised, additionally, to transfer one-half interest in the family residence to the plaintiff and to support her for the rest of her life. The parties filed joint income tax returns as husband and wife.

During June, 1980, the parties separated, and each party subsequently married another spouse. The children have grown and left the family residence. The defendant discontinued all contributions to the plaintiff's support, terminated all insurance policies, and refused to share any assets with the plaintiff.

The trial court improperly treated this case as an action for dissolution of the marriage. The plaintiff's complaint specifically states that the marriage was dissolved on June 26, 1970, and asks the court for relief based on a breach of contract theory. Specifically, the plaintiff argues that the parties' oral agreement to live together was breached by the defendant. In its memorandum of decision, the trial court clearly stated its dissatisfaction with the financial award stipulated to by the parties in the 1970 dissolution.[2] Moreover, in its

---

[2] The memorandum of decision stated in relevant part: "In the divorce action which was granted to the plaintiff, the evidence disclosed that the plaintiff received *none* of the family assets and that the defendant husband walked away with *all* of the spoils of the marriage including the main asset, the home."

rectification memorandum, the trial court stated that the sole basis of the $30,000 award was fraud in the settlement of the original dissolution. Although the plaintiff did not move to open or to modify the original judgment, the trial court, in essence, opened and modified that judgment. Our Supreme Court has held, however, that the trial court has no authority to open and modify property awards. General Statutes § 46b-86 (a); *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980); see also *Croke* v. *Croke,* 4 Conn. App. 663, 665, 496 A.2d 235 (1985).

The trial court's decision to render judgment for the plaintiff on the basis of the inadequacy of the financial awards incident to the 1970 dissolution award is erroneous because it exceeds the scope of the complaint. The complaint clearly asked the court to decide whether an oral agreement to provide certain financial benefits for a promise to live together was enforceable, yet the court decided the issue on dissolution grounds.[3] " ' "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 [1950]" ' *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983)." *Krattenstein* v. *Thomas,* 7 Conn. App. 604, 610, 509 A.2d 1077 (1986). By deciding the case on the grounds of its dissatisfaction of the 1970 dissolution, rather than on the allegations of the complaint, the trial court clearly exceeded the scope of the complaint.

[3] The court should have decided this issue of a promise to live together. In *Burns* v. *Koellmer,* 11 Conn. App. 375, 381, 527 A.2d 1210 (1987), this court stated: "Thus, a contract, express or implied, or some other tacit understanding between persons who are not married to one another which does not rely upon their sexual behavior is enforceable in the courts of this state." (Citation omitted.)

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.