GINGER CACCAVALE *v.* HOSPITAL OF
ST. RAPHAEL ET AL.
(5402)

SPALLONE, DALY and NORCOTT, Js.

Argued January 20—decision released May 24, 1988

*Peter A. Kelly,* for the appellant (plaintiff).

*Robert J. Cooney,* for the appellees (named defendant et al.).

*Garie J. Mulcahey,* with whom, on the brief, was *Dennis M. Laccavole,* for the appellee (defendant J. Kevin Lynch).

DALY, J. This action was brought by the plaintiff to recover damages for alleged malpractice from the following defendants: Hospital of St. Raphael and surgeons J. Kevin Lynch and Andrew Rhodin. After a trial by a jury, a verdict was returned against Lynch for

$12,500 and in favor of the other two defendants. The trial court subsequently denied the plaintiff's motions to set aside the verdict as to damages against Lynch and in favor of the remaining defendants. The plaintiff claims that the trial court erred in granting the motion in limine made by the hospital and Rhodin precluding the plaintiff's expert witness from testifying, and in its instruction concerning damages.

In the plaintiff's first claim of error, she argues that the trial court erred in granting the motion in limine precluding the expert testimony of Andrew Newman, a physician, against the hospital and Rhodin. The trial court based its ruling on Practice Book § 220[1] and *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 476 A.2d 1074 (1984). On October 3, 1981, the defendants filed a request for disclosure and production of the names and addresses of all experts expected to testify on behalf of the plaintiff. The defendants further requested: "(a) the subject matter on which such expert is expected to testify; (b) the substance of the facts and opinion to which each expert is expected to testify; and (c) a summary of the grounds for each such opinion." The plaintiff responded to the request on January 26, 1982, stating that she, at that time, did not have an expert on behalf of her side.

Practice Book § 232 provides for a continuing duty to disclose on the part of the plaintiff.[2] The plaintiff filed an amended disclosure dated January 10, 1986,

---

[1] Practice Book § 220 (a) (1) provides: "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter of which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary for the grounds of each opinion."

[2] Practice Book § 232 provides: "If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested . . . *he shall promptly notify the other party* . . . ." (Emphasis added.)

identifying Newman as her expert and indicating that the copies of his report would be mailed to all counsel of record. Subsequently, two reports of Newman dated December 31, 1985, and March 28, 1986, were transmitted to counsel of record. The trial court felt that the supplying of these reports did not comply with the requirements of Practice Book § 220 and refused to permit Newman to testify pursuant to Practice Book § 231 (d).[3]

"The discovery rules are designed to facilitate trial proceedings and to make a 'trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.' *United States* v. *Proctor & Gamble,* 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). 'The court's decision on whether to impose the sanction of excluding the expert's testimony concerning causation rests within the sound discretion of the court.' *Sturdivant* v. *Yale-New Haven Hospital,* supra, 107. Unless the trial court had abused a legal discretion, its action should not be disturbed; in making this analysis, we must afford the decision of the trial court great weight and allow every reasonable presumption to be made in favor of its correctness. *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d 191 (1985); *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591 (1926). 'In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did.' *Timm* v. *Timm,* supra, 207; *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463 (1959); *Sturdivant* v. *Yale-New*

---

[3] Practice Book § 231 provides: "If any party has failed to answer interrogatories or to answer them fairly . . . or has failed otherwise substantially to comply with any other discovery order . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following . . . (d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters . . . ."

*Haven Hospital,* supra, 108. 'The court's conclusion, that the consequences of the plaintiff's failure fully and fairly to disclose, despite being given ample opportunity to do so . . . should fall upon the plaintiff rather than upon the defendants, was not an abuse of discretion.' " *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 519, 509 A.2d 552 (1986).

We hold that the trial court reasonably ruled that the plaintiff failed to comply substantially with the discovery order and, therefore, correctly precluded Newman from testifying. Moreover, we note that if one were to find substantial compliance with § 220, the error nonetheless would be harmless since an examination of the reports written by Newman reveals liability against Lynch only. The other defendants are not even mentioned in the reports.

The plaintiff claims that the trial court erred in its instruction concerning damages: (1) instructing the jury not to consider the permanency of the injuries; (2) failing to instruct the jury as to the plaintiff's life expectancy; (3) failing to instruct the jury as to loss of life's enjoyment as an element of the plaintiff's damages; and (4) failing to instruct the jurors that they could consider the effect of inflation upon any award they might reach.

The plaintiff's first claim of error in the trial court's instruction is that the trial court erred in refusing to instruct the jury to consider the permanency of the plaintiff's injuries when awarding damages. It is axiomatic that a plaintiff may rely upon what she had alleged in her complaint. *Brochu* v. *Brochu,* 13 Conn. App. 681, 684, 538 A.2d 1093 (1988) (and cases cited therein). The plaintiff argues that paragraph 4 (a) of the amended complaint satisfies the allegation of permanency. Paragraph four of the amended complaint read: "As a further result of the defendant's negligence, the plaintiff suffered the following damages:

(a) Periodic disabling pain in both feet . . . ." The trial court was not in error in determining that the plaintiff failed to set forth any allegations of permanency in her complaint.[4] C.f., *Voight* v. *Selman,* 14 Conn. App. 198, 540 A.2d 104 (1988).

In the plaintiff's second claim of error, regarding the jury charge, the plaintiff argues that the trial court erred in failing to instruct the jury as to the plaintiff's life expectancy. The plaintiff's request, however, came after the close of evidence. Moreover, there was no testimonial evidence produced at trial concerning the plaintiff's life expectancy, nor was any statistical or actuarial information supplied. While the general rule is that a court may make judicial notice of life expectancy; *Sims* v. *Smith,* 115 Conn. 279, 286, 161 A. 239 (1932); it is understood that "matter[s] which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so . . . ." *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591 (1940). It is perfectly clear from the record that the only mention of life expectancy arose in the plaintiff's request to charge. The defendant properly points out that the plaintiff neglected to move to open her case for the addition of life expectancy evidence. "Whether or not a trial court will permit further evidence to be offered after the close of testimony in a case is a matter resting in the sound discretion of the court." *Toffolon* v. *Avon,* 173 Conn. 525, 537, 378 A.2d 580 (1977). Even if we were to treat the request to charge as a motion

---

[4] The plaintiff attempted to amend her complaint specifically to claim permanency but the motion was denied by the trial court. The plaintiff claimed this as one of her reasons for setting aside the verdict but failed to pursue it on appeal.

to open for the presentation of additional evidence, we find no abuse in discretion in denying the request to charge.

The plaintiff's request to charge also contained an instruction that the plaintiff could recover for "the extent to which her injuries have prevented and will prevent her from the ability to carry on all of life's activities." The trial court did not charge as the plaintiff requested. In her request to charge, the plaintiff cited only the case of *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 439 A.2d 408 (1981), in support of the proposed instruction. The plaintiff's reliance on this case is clearly misplaced. In *Kiniry,* the executrix brought a malpractice action against the hospital and attending physician for the death of her husband. It should be noted, however, that *Kiniry* was obviously a case where one lost the ability to enjoy life because of the injuries sustained by the malpractice. See also *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 344, 430 A.2d 1 (1980) (through the defendant's malpractice, the plaintiff remained in a semi-comatose condition). Upon review of the trial court's instructions as to damages, we find that the court properly instructed the jury on the elements of damages recoverable under the allegations of the complaint.

Finally, the trial court denied the plaintiff's request to charge the jury concerning the effect of inflation on its award. In support of this claim, the plaintiff, again, relies on *Kiniry.* Once again, however, the plaintiff's reliance is inappropriate. In *Kiniry,* an instruction concerning inflation was deemed appropriate because it related to "lost earning capacity and expected personal living expenses." *Kiniry* v. *Danbury Hospital,* supra, 457. In this case, an instruction on inflation was unwarranted because neither lost earning capacity nor expected living conditions was involved.

The standard of review of a jury instruction by a trial court is perfectly clear. We must be careful to examine the instruction in its entirety and do not isolate particular aspects for review. *Rogers* v. *Delfino,* 13 Conn. App. 725, 730, 539 A.2d 156 (1988). " 'The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170 (1954). Since the charge was sufficiently correct in law, adapted to the issues and ample for the guidance of the jury, it met the required test.' *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20–21, 118 A.2d 798 (1955)." *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 240, 520 A.2d 1008 (1987). Examining each of the claimed errors under this standard indicates that the instruction as a whole was not erroneous.

There is no error.

In this opinion the other judges concurred.