[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10842
On July 20, 1994, the plaintiff filed a postjudgment motion, styled "Motion for Clarification of Judgment," seeking to open a judgment of dissolution of marriage by adding a provision to that judgment setting an interest rate on a promissory note which the defendant gave to the plaintiff in exchange for a quitclaim deed conveying the plaintiff's interest in certain real estate to the defendant.
The pertinent facts were agreed to by the parties at oral argument. The judgment was entered on August 30, 1993, by the court. The dissolution hearing was an uncontested one, and the court incorporated by reference a separation agreement, dated July 13, 1993, in its judgment. At an earlier time, the plaintiff and defendant executed, delivered, and exchanged the deed and promissory note mentioned above. Because those transactions were completed before the settlement agreement was entered into, the particulars of the conveyance and promissory note were never brought to the attention of the court.
Sometime later problems arose because the note lacked a due date and interest rate. The plaintiff brought a civil action, under contract law principles, to enforce the promissory note. This contract action was eventually withdrawn in exchange for the placing of a mortgage on the property giving the plaintiff security for the promissory note debt. A mutually acceptable due date was established and adopted by the parties. No interest rate was adopted, however. The plaintiff has filed the present motion asking the court to open the judgment to establish such an interest rate. The defendant argues that the court lacks the power to revisit the judgment for this purpose. The court agrees with the defendant.
The parties acknowledge that no fraud nor concealment of assets was employed to procure the original judgment. The plaintiff contends that because the original judgment never addressed a disposition of the realty in question either the original judgment is void or the court has continuing jurisdiction to resolve the interest rate issue. The defendant counters that the four month period in which to open judgments contained in Practice Book § 326 expired before the present motion was filed.
The court had subject matter jurisdiction over the dissolution CT Page 10843 of the parties' marriage, General Statutes §§ 46b-42 and 46b-45. The fact that the court rendering the judgment in this case never addressed disposition of the real estate did not deprive the court of its power to hear and decide the dissolution matter. Any error by the court in failing to address this issue could have been raised by direct appeal or by a timely motion to open the judgment under Practice Book § 326.
With respect to the disposition of property, absent waiver, consent, or other submission to the court, a court is without jurisdiction to modify or correct a dissolution judgment, in other than clerical respects, after the four month time period provided in Practice Book § 326, Bunche v. Bunche, 180 Conn. 285,288 (1980). Unlike periodic alimony or child support, there is no statutorily created exception permitting continuing jurisdiction to open dissolution judgments as to assignments of property, Id., 289. After the expiration of the four month period under Practice Book § 326, a dissolution judgment may not be vacated except by direct appeal, as provided by statute, or for want of subject matter jurisdiction, Daly v. Daly, 19 Conn. App. 65,67 (1989). As noted above, none of these exceptions apply to the present case.
Under General Statutes § 46b-81(a), the court, at the time of entering a judgment of dissolution "may assign" property belonging to one spouse to the other. Contrary to the plaintiff's argument, the court has no obligation to issue specific orders disposing of every item of property belonging to the parties. Often, the parties in a dissolution action will inform the court that they have previously distributed their property to their mutual satisfaction or make no request of the court with respect to such property, as was the case in the action sub judice. To allow a disillusioned party unlimited time to petition the dissolution court to revamp its judgment because some item of property was never specifically mentioned by the court would render the concept of finality meaningless. Even if the court issuing the judgment later found dissatisfaction with that judgment, it could not open that judgment, Brochu v. Brochu,13 Conn. App. 681, 684 (1988).
Here, the parties worked out an agreeable disposition of their real estate without recourse to the court. Later dissatisfaction with that disposition creates no exception to the bar against vacating dissolution judgments as to property assignment beyond the time limits set forth in Practice Book CT Page 10844 § 326.
For these reasons the motion for clarification is denied.
Sferrazza, J.