[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above-captioned personal injury action has timely moved to set aside the jury's verdict, which was rendered on November 22, 1995. This motion has been decided without oral argument pursuant to P.B. § 211. CT Page 13427
The plaintiff's claim was that she fell on a sidewalk "within the limits of the City of New Haven" (Revised Complaint, paragraph 2). She claimed in her complaint that her injuries were caused by the failure of the defendant City of New Haven to maintain the sidewalk, and she invoked the provisions of General Statutes §13a-149.
Both parties agreed on the record to the use of a verdict form that included a list of interrogatories, and they likewise approved the wording of all of the contents of the verdict form. The first interrogatory was as follows:
"1. Did the plaintiff prove that the sidewalk where she claims she fell was an area the defendant had a duty to maintain?"
The jury checked "No" after interrogatory #1 and therefore proceeded to find in favor of the defendant.
The plaintiff acknowledges that in order to prevail on her claim, she had to prove by a fair preponderance of the evidence that the location where she fell was one which the defendant had a duty to repair. General Statutes § 13a-149 provides that "a person who is injured by means of a defective road may recover damages from the party bound to keep it in repair."
The plaintiff states three grounds in her motion to set aside the jury's verdict. Before discussing the merits of each, it is useful to set forth the standard for setting aside a jury's verdict.
A verdict should be set aside only when the jury could not reasonably and legally have reached its conclusion. Mather v.Griffin Hospital, 207 Conn. 125, 130 (1988); Bleich v. Ortiz,196 Conn. 498, 500-501 (1985); Magnon v. Glickman, 185 Conn. 234, 237
(1981); Elliott v. Sears Roebuck Co., 30 Conn. App. 664, 675
(1993). In considering a motion to set aside a verdict, a court must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the party that was successful at trial. Bound Brook Association v. Norwalk,198 Conn. 660, 667 (1986); Bleich v. Ortiz, 196 Conn. 501; Kalleherv. Orr, 183 Conn. 125, 126-27 (1981); Maroun v. Tarro, 35 Conn. App. 391,395 (1994).
A motion to set aside a verdict should be granted only when the jury "could not reasonably and logically have reached the CT Page 13428 conclusion they did." Labatt v. Grunewald, 182 Conn. 236, 240
(1980).
I. EVIDENCE OF DUTY TO MAINTAIN SIDEWALK
In her revised complaint, the plaintiff did not directly alleged that the City of New Haven had a duty to maintain the sidewalk at issue. Instead, she stated in paragraph 2 that she had fallen on a sidewalk "within the limits of the City of New Haven." She then alleged that the City had or should have had notice of the defective condition which she claimed caused her fall (paragraph 4) and that the defendant had "failed to exercise due care to keep said area reasonably safe to pedestrian travel (Paragraph 7(c)).
This method of pleading left to inference rather than direct allegation the claim that the defendant had a duty to repair the sidewalk at issue. The defendant did not admit the various paragraphs cited above, and therefore the plaintiff was on notice that it was required to prove that the defendant had a duty to repair the sidewalk she claimed was defective.
The plaintiff's first claim is that the verdict should be set aside because certain testimony and exhibits were ruled to be inadmissible.
Instead of proving the defendant's duty to repair by any of the usual ways (e.g., the filing of a request for an admission, or locating through discovery and then subpoenaing as a witness a City employee competent to determine whether a particular location was one that the defendant had a duty to repair or had actually repaired) the plaintiff sought to prove this issue through an expert witness, Charles McSheffery, a civil engineer, who did not have any direct experience with the duties of the public works department of the City of New Haven but who testified that he considered it reasonably probable that the plaintiff fell in an area within the right of way of the public street and that he had reached this conclusion after inspecting a particular tax assessor's map. Mr. McSheffery testified that he had performed no survey to determine that the location was one that the defendant had a duty to maintain. Neither Mr. McSheffery nor any other witness presented by the plaintiff was able to testify that the maps marked Exhibit L and M for identification were accurate as to street lines or other boundary features, or that they were to scale. Without such a foundation, the court found that the maps were not admissible to show where city property began and ended. CT Page 13429 See Aczas v. Stuart Heights, Inc., 154 Conn. 54, 56 (1966) (map prepared on basis of survey). (The plaintiff subpoenaed during the trial and called to the witness stand New Haven's Director of Public Works, Claudette Ford. Plaintiff's counsel asked this witness if her job included maintenance of public sidewalks and she agreed that it did. On cross-examination she stated that her department is responsible for maintaining only public sidewalks, not private sidewalks. Ms. Ford was not asked whether the location at issue was a public sidewalk or whether the City of New Haven had a duty to repair it or had ever repaired it or otherwise exercised control of it. The plaintiff also subpoenaed and called as a witness the acting City engineer, Robert Borus. This witness was unable to state whether the maps used by the tax assessor accurately indicated the location of boundaries between private and public property at the location at issue.
The plaintiff states as a ground for setting aside the verdict that the court erred in excluding exhibits L and M, which the plaintiffs sought to introduce through Mr. McSheffery. Exhibits L and M, were excluded on two grounds: 1) lack of competent foundation testimony to establish that these maps were accurate with regard to location of boundaries and street lines; 2) failure of the plaintiff to furnish these maps to the defendant in discovery in response to an interrogation, to which no objection was made, seeking "6. copies of any photographs . . . documents, maps, drawings, diagrams, models . . . expected to be used at trial." While both parties have referred to this nondisclosure as giving rise to an application of P.B. § 220(d), in fact the applicable provision is P.B. § 231.
While the lack of adequate foundation evidence on the issue of accuracy certainly made Exhibits L and M inadmissible, § 231(d) authorizes the court also to prohibit admission of documents that were not objected to but that were not furnished to an opponent who has sought them in discovery. The plaintiff filed a supplemental compliance on the same day that the court ruled the exhibits inadmissible. That supplemental compliance was not filed until several hours after the court had ruled on the offer at trial. Thus, although the pleading is dated on a date during the trial, the purported supplementation was not filed until late in the afternoon after the court had ruled on the issue, and after Mr. McSheffery testified. The court ruled on the basis that failure to disclose before trial deprived the defendant of an opportunity to review the documents with witnesses in order to address the issue whether they accurately demarcated public and private property and CT Page 13430 to complete the review before any witness testified about them so that adequate cross examination could be prepared.
Failure to disclose Mr. McSheffery as an expert witness as to the issue of duty to repair the location at issue furnished another ground for exclusion. By a disclosure filed on May 14, 1993, the plaintiff disclosed this witness as an expert only as to the following: "Subject matter of testimony: The condition of the sidewalk on which the plaintiff fell in New Haven on April 3, 1991."
In the disclosure, at the heading "Substance of the Facts and Opinions to Which Expert is Expected to Testify," the plaintiff listed only the following: "Mr. McSheffery will testify as to the condition of the sidewalk in question, his examination of same and conclusions reached regarding the causal connection between the dangerous and hazardous sidewalk and the plaintiff's injuries."
Practice Book § 220(d) requires disclosure of "the subject matter" and "substance" as to which the extent will testify.
The plaintiff's disclosure did not serve to inform the defendant that Mr. McSheffery would also be asked to render as expert opinion as to whether the City had a duty to repair the location in question.
The plaintiff did not prove good cause for failing to disclose Mr. McSheffery as an expert on the issue of the City's duty to maintain the particular location. Roberto v. Honeywell, Inc.,33 Conn. App. 619, 625 (1994). In fact, the court does not recall that the plaintiff offered any reason for failing to list all the subjects as to which she sought Mr. McSheffery's expert testimony but merely claimed that the lack of disclosure had not prejudiced the defendant. As the Appellate Court ruled in Roberto v.Honeywell, supra 33 Conn. App. 625 the standard is good cause, not lack of prejudice.
The plaintiff's position on this issue appeared at trial to be that so long as she disclosed Mr. McSheffery as an expert as to any
issue, the defendant should have extended its deposition to any and all topics on which he could conceivably be asked to testify, not just those topics that the disclosure identified as the subject or substance of his testimony.
It is illogical to interpret a rule of practice that requires CT Page 13431 disclosure of the scope and subject of an expert's opinion in a way that allows a party to extend the scope beyond that disclosure. The defendant was entitled to depose this witness only on the subjects disclosed and to prepare for trial with the expectation that the scope of his testimony would be as stated. In Sturdivantv. Yale New Haven Hospital, 2 Conn. App. 103 (1984), the Appellate Court ruled that an expert disclosed only as to the standard of care could not also testify as to causation. As the Appellate Court noted in Caccavale v. Hospital of Saint Raphael, 14 Conn. App. 504,507 (1988), the discovery rules are meant to make a trial "less a game of blindman's bluff" and to facilitate trial proceedings.
Realizing that the plaintiff belatedly planned to call various city employees as to the issue of the City's duty with regard to the location at issue, the defendant objected that the plaintiff had subpoenaed witnesses whose names had never been mentioned to the jurors during jury selection. The court addressed this problem by asking the jurors, on the record, whether they had any acquaintance with the persons named in the defendant's motion to grant the subpoenas. Having received negative responses from all of the jurors, the court permitted the plaintiff to subpoena and schedule for trial testimony any of those persons. The plaintiff chose to call only Ms. Ford and Mr. Borus and did not seek any further enforcement of any of its subpoenas to other witnesses.
The court finds that the evidence adduced by the plaintiff on the issue of the City's duty to repair the location in question was scanty because the plaintiff failed to comply with P.B. § 220(d), failed to produce documents, failed to adduce an adequate foundation for the admission of Exhibits L and M, failed to question Ms. Ford and Mr. Borus adequately, and failed to obtain in discovery and then present a foundation for the admission into evidence of evidence that the City had a duty to repair the specific area in question (for example, evidence that the City had ever actually repaired this area.) The jury was warranted in finding the evidence to be insufficient to discharge the plaintiff's burden of proof.
CHARGE ON NOTE-TAKING
The plaintiff's second claim is that the court's charge as to note taking and the use of notes was "misleading". The defendant's brief explains this claim only by adding that the "charge did not sufficiently instruct the jury on proper note taking and its CT Page 13432 reliance on these notes." The plaintiff has not indicated either in her motion to set aside or in the accompanying memorandum of law what the claimed deficiency was. After the charge, when asked to state any exceptions to the charge, plaintiff's counsel stated that the court had failed to give the jurors a specific charge as to the use of any notes they had taken during the charge.
The plaintiff had never asked the court to tell the jury not to take notes during the charge, though it was clear that some of them had brought their notebooks into the courtroom for use during the charge. The plaintiff did not submit any request to charge on the subject of note-taking or use of notes.
With regard to note-taking, the court administered one charge before evidence began and a more lengthy instruction as part of the final charge. These charges closely track those found to be adequate in Esaw v. Friedman, 217 Conn. 553, 556-57 (1991). The plaintiff has identified no reason to believe that different considerations apply to notes taken during the charge on the law.
The court specifically instructed the jury that if it sought any clarification or had any question as to the charge, it should send out a note asking for the charge or a portion of it to be played back from the official court monitor's tape recording. The plaintiff has not established that the procedure followed was not consented to by her or that it caused any impairment of the jury's function.
III. CHARGE ON CITY'S DUTY
The third ground of the plaintiff's motion is that "(3) the court's charge was misleading regarding the plaintiff's burden of proof with respect to control of the sidewalk."
The transcript of the charge demonstrates that the charge on that issue was as follows:
 The plaintiff's claim is based on a Connecticut statute . . . And that statute provides that a person who is injured by means of a defective road may recover damages from the party bound to keep it in repair. The statute applies also to public sidewalks as well as to roadways. CT Page 13433
 In making a claim under this statute, the plaintiff must prove all of the following things by a fair preponderance of the evidence: First, that the sidewalk at issue was one that the City of New Haven, and not some other person or entity, had a duty to repair . . . . [other elements listed]
* * *
 I'll now discuss each of these elements in some detail. The first is that the sidewalk on which she claims to have fallen was one that the City had a duty to maintain. You have heard testimony as to how the City of New Haven defines what is public roadway and public sidewalk. And you have heard that the city does not have a duty to repair areas of sidewalk that are private sidewalks. You will have to determine on the basis of the testimony and exhibits whether the plaintiff has proven that the location that has been identified as the spot where she fell was a sidewalk that the City of New Haven had a duty to keep in repair.
The verdict form, to which the plaintiff, by counsel, consented on the record, contained precisely the formulation which the plaintiff states at page 4 of her brief is the accurate description of the issue. The jury was asked to check "yes" or "no" as the following question:
 1. Did the plaintiff prove that the sidewalk where she claims she fell was an area that the defendant had a duty to maintain?
The court's reference to the way in which evidence on this point was introduced (that is, testimony on determination of the boundaries of the areas to be kept in repair by the City) did not vary the scope of what the jury was asked to determine.
The evidence adduced by the plaintiff apparently did not convince the jury to the requisite degree that the duty to repair the sidewalk at issue was a duty of the defendant rather than of the abutting landowner. CT Page 13434
Plaintiff's counsel did not object to the charge on this issue after it was given, and the court therefore was deprived of any opportunity to correct any perceived error in this part of the charge. State v. Williams, 202 Conn. 349, 362 (1987); State v.Fullwood, 193 Conn. 238, 259 (1984); State v. Avila, 13 Conn. App. 120,134 (1987).
CONCLUSION
The court finds that the jury's determination was not the result of any misapplication of the rules of practice or misstatement of the law and that the jury can reasonably have found that the plaintiff failed to prove the first element of a claim under § 13a-149 by a fair preponderance of the evidence.
The motion to set aside the verdict is denied.
Beverly J. Hodgson, Judge