[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER NO.113 AND MOTION TO COMPEL NO. 115
On August 26, 1996, the defendants, Noffs Atlantic North American and North American Van Lines, moved for a protective order preventing the deposition of Edward G. Ruscheinski, the defendants' moving consultant, on the grounds that the deposition as noticed does not comport with Practice Book § 246(d) for the location of a deposition of a nonparty deponent. Subsequently, on September 3, 1996, the plaintiff, Ann-Louise Lohr, moved for an order compelling the deposition of Ruscheinski to be taken in Connecticut. According to the parties' motions, the deposition was noticed for August 29, 1996 at 1:00 p. m. in New Milford, CT Page 1479 Connecticut. The court, Mihalakos, J., consolidated the parties' motions, and a hearing was held before this court on October 21, 1996.
At the hearing, counsel for the defendants argued that Ruscheinski is a nonparty deponent and his deposition is governed by Practice Book § 246(d). Counsel stated that Ruscheinski is a resident of Chicago, Illinois and was not personally served in Connecticut, and therefore, cannot be compelled to be deposed in Connecticut.
Plaintiff's counsel argued that Ruscheinski is an employee of the defendants and was the only one of the defendants' representatives to meet personally with the plaintiff to discuss transferring the plaintiff's property, the subject of the underlying dispute between the parties. As such, the plaintiff argues, this deposition is governed by Practice Book § 246 (c)(2), which permits the taking of depositions of nonresident defendants within thirty miles of the defendants' residence or at such other place as is fixed by the court. Counsel then conceded that it would be willing to hold the deposition at the office of either counsel.
In rebuttal, the defendants' counsel conceded that Ruscheinski is an employee of the defendants, but argued nonetheless that Ruscheinski is not a party under the definition of Practice Book § 216(2)(b), and therefore, since he was not served in Connecticut, he can only be deposed in Chicago. Neither party submitted affidavits, financial or otherwise, in support of their respective motions.
"The discovery rules are designed to facilitate trial proceedings and to make a `trial less a game of blindman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Caccavale v.Hospital of St. Raphael, 14 Conn. App. 504, 507, 541 A.2d 893, cert. denied, 208 Conn. 812, 541 A.2d 1241 (1988), quoting UnitedStates v. Proctor Gamble, 356 U.S. 677, 682, 78 S.Ct. 983,2 L.Ed.2d 1077 (1958). "Careful attention must be paid to the prompt and orderly handling of discovery. Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to the circumstances." (Citations omitted.) Osborne v. Osborne,2 Conn. App. 635, 639, 482 A.2d 77 (1984). CT Page 1480
The rule governing the entry of protective orders, Practice Book § 221, provides in pertinent part that: "[u]pon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that discovery not be had. . . ." "A party seeking to bar a deposition must make a threshold showing that there is `good cause' that the protective order issue." Associated ConstructionCo. v. City of Milford, Superior Court, judicial district of Ansonia-Milford (December 28, 1988, Kulawiz, J., 4 C.S.C.R. 130). On the other hand, Practice Book § 231 governing motions to compel provides that: "[i]f any party . . . has failed to appear and testify at a deposition duly noticed pursuant to this chapter . . . the court may, on motion, make such order as the ends of justice require."
The first issue raised by the parties is whether Ruscheinski is a "defendant" or a "nonparty deponent" under Practice Book § 246, which governs the location of depositions and provides for various locations depending on the party status and residence of the potential deponent.[1] Practice Book § 246(c) provides that: "[a] defendant who is not a resident of this state may be compelled . . . (2) [b]y notice under § 244(a) to give a deposition at any place within thirty miles of the defendant's residence . . . or at such other place as if fixed by order of the court." Section 246(e) defines "defendant" for the purposes of this section to include "officers, directors and managing agents of . . . corporate defendants. . . ."
Practice Book § 246(d) states that a "nonparty deponent" who is not a resident of this state may be compelled by subpoena to give a deposition at a place "within any county in this state in which he is personally served, or at such other place as is fixed by order of the court." Practice Book § 216(2) defines "party" for the purposes of this chapter as "(a) a person named as a party in the action, or (b) an agent, employee, officer, or director of a public or private corporation, partnership, association, or governmental agency, named as a party in the action."
It is clear from the above Practice Book rules that the potential deponent in the present case, whom counsel conceded is an employee or agent of the named defendants, is a "party" within the definition provided in § 216(2). However, since there has CT Page 1481 been no evidence presented that he is an officer, director or managing agent of the corporate defendants, he does not appear to be a "defendant" for the purposes of § 246(c). The parties, therefore, face the odd predicament in which the potential deponent is neither a "defendant" for the purposes of § 246(c), nor is he a "nonparty" for the purposes of § 246(d).
The location of the deposition of a potential deponent is governed by Practice Book § 246, and therefore, since he clearly does not fall within any of the other subsections, Ruscheinski must fall within the definition in either subsection (c) or (d). To determine which subsection applies, the court must analyze the construction of Practice Book § 246. "The rules of statutory construction apply with equal force to Practice Book rules. . . . Thus, in attempting to discern the meaning of a particular section of our Practice Book, we look first to the language of the provision. . . ." (Citations omitted; internal quotation marks omitted.) State v. Angell, 237 Conn. 321, 327, ___ A.2d ___
(1996). In so doing, "the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended." (Citations omitted; internal quotation marks omitted.) MattatuckMuseum-Mattatuck Historical Society v. Administrator, 238 Conn. 273,278, ___ A.2d ___ (1996). Moreover, "we presume that there is a purpose behind every sentence, clause or phrase used in an act and that no part of a statute is superfluous." Castagno v.Wholean, 239 Conn. 336, 346, ___ A.2d ___ (1996). Finally, "[i]t must be remembered that because we construe a statute as a whole, not only must every word be considered, but words in a statute must be put in the context of the whole statute. . . ." White v.Burns, 213 Conn. 307, 321, 567 A.2d 1195 (1990).
Under these guidelines, the only way to interpret reasonably the discrepancy created by the terms "defendant" and "nonparty" as used in § 246 so as to achieve consistency within the section itself, as well as within the chapter, is to conclude that "nonparty" under § 246(d) does not mean an individual who is not a "party" as defined in § 216(b)(2), but rather means an individual who is not a "defendant" or a "plaintiff" as defined in § 246(e). Therefore, the court concludes that Ruscheinski is a "nonparty deponent" under Practice Book § 246(d) and may be compelled to give a deposition "at a place within the county of his residence . . . or at such other place as is fixed by order of the court." CT Page 1482
The court is, therefore, in the position of deciding whether to compel Ruscheinski's deposition, and if so, where to order the taking of the deposition. One Superior Court judge offered the following analytical framework:
 No hard rule should be set to govern when the court should exercise it's discretion to order an out-of-state defendant to appear in Connecticut or some other place not specifically provided for in 246(c) for a deposition. The court in exercising its discretion must do so in a manner which accommodates the special circumstances of each case. Some of the factors it should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of the out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining the discovery through other means such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.
Sassone v. Hasseldon, Superior Court, judicial district of New Haven at New Haven, Docket No. 291167 (April 18, 1990, Berdon, J., 1 Conn. L. Rptr. 520). In the present case, neither party has presented the court with compelling arguments as to why the court should grant their respective motions. The defendants have not submitted any affidavits showing financial or other hardship involved with taking the deposition in Connecticut, nor has the plaintiff offered to pay the potential deponent's travel and living expenses in connection with the deposition, or proposed alternative locations for the deposition or other means of discovery. Under such circumstances, the court is inclined deny both parties' motions.
However, the court realizes that since the parties have opted for judicial intervention in the present dispute and since the court is now faced with two opposing motions, a blanket denial of the motions is not likely to be the most efficient resolution of this dispute. It appears that Ruscheinski, as the only representative from the defendants' moving companies to meet with CT Page 1483 the plaintiff personally, is a material witness in the present breach of contract action, and therefore, must provide the plaintiff with some form of discovery. It also appears that the plaintiff is an individual seeking recovery on a relatively small financial claim, and that the defendants are corporations which presumably will carry the costs of the deposition of their employee. Finally, in transporting the plaintiff's belongings to the state of Connecticut, the defendants have shown an ability to travel to this state. In the absence of any showing of hardship, financial or otherwise, and in light of the other circumstances discussed above, the court hereby enters the following order.
ORDER
The defendants shall produce the deponent in the state of Connecticut for a deposition at a time and location agreed to by the parties. If the plaintiff is not successful in her claims against the defendants, the plaintiff shall incur, as an additional cost, the reimbursement of the defendants for the reasonable costs of the deponent's transportation and accommodations incurred by the taking of this deposition.
Stodolink, J.