[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ORAL MOTION IN LIMINE
FACTS
Pursuant to the July 10, 1996 scheduling order (Dranginis, J.), this court scheduled a September 4, 1996 pretrial conference and required that any independent medical exams (IME) be concluded by August 15, 1996. The defendant's independent medical examiner, Dr. Lipow, conducted his IME on August 15, 1996. The pretrial conference on September fourth was postponed until October 4, 1996, because the defendant had not received Dr. Lipow's IME report. The October fourth pretrial conference was likewise postponed. This court then ordered that if the report was not received by October 23, 1996, it may be precluded from being entered into evidence at CT Page 1909 the time of trial.
After not receiving a copy of the report by the court imposed deadline, plaintiffs' counsel, on October 25, 1996, made an oral motion in limine (1) to preclude the introduction of the report prepared by plaintiffs' doctor, Dr. Mushaweh, on the ground that because he is a non-testifying expert under Practice Book § 220(b) the defendant improperly obtained a copy of the report and (2) to preclude the testimony and IME report of defendant's independent medical examiner, Dr. Lipow, on the ground that the defendant's disclosure pursuant to Practice Book § 220(d) was untimely.
On November 19, 1996, the defendant provided a copy of Dr. Lipow's IME report to the plaintiffs. Dr. Lipow's report referenced the evaluation conducted by Dr. Mushaweh on February 27, 1996. The defendant obtained a copy of Dr. Mushaweh's report pursuant to a blank waiver signed by Sharon McGuire That blank waiver was used not by counsel, but by the adjuster handling the file.
Thereafter, the defendant filed a written objection to plaintiffs' counsel's oral motion in limine dated November 26, 1996. The defendant argues that Dr. Mushaweh's report should not be precluded because he was one of the plaintiffs' treating physicians who was not hired by the plaintiffs' counsel to assist in preparation for trial or in anticipation of litigation. The defendant further argues that Dr. Lipow's testimony should not be precluded because the case has not been scheduled for trial and the plaintiffs have not been prejudiced by the defendant's late disclosure.
DISCUSSION
"A trial court's decision on whether to impose the sanction of excluding the testimony of a party's expert witness rests within the court's sound discretion." (citations omitted.) Berry v.Loiseau, 223 Conn. 786, 800, 614 A.2d 414 (1992). "[T]he trial court has within its discretion and authority the power to exclude expert testimony whose use at trial is in bad faith or would unfairly prejudice an opposing party." Zanghi v. Boyd, Superior Court, judicial district of New Haven at New Haven, Docket No. 232862 (January 30, 1989, Reynolds, J., 4 CSCR 179).
The plaintiffs contend that Dr. Mushaweh's report should be precluded because he was hired as a consultant in preparation for CT Page 1910 trial pursuant to Practice Book § 220(b). Practice Book § 220(b) states:
 "A party may discover facts known or opinions held by an expert who had been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Sec. 229 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."
The defendant, in his objection to the motion in limine, argues that Dr. Mushaweh is not a § 220(b) expert. He argues that Dr. Mushaweh is a treating physician who was not hired by the plaintiff's counsel to assist in preparation for trial or in anticipation of litigation. The defendant did not cite and research did not reveal any Connecticut cases that have addressed the distinction between treating physicians and experts or consultants under § 220(b).
In support of his argument that Dr. Mushaweh is a treating physician, the defendant submits the report prepared by Dr. Mushaweh, which is the subject of this motion in limine. The defendant relies on two statements in Dr. Mushaweh's report to show that he was a treating physician. First, Dr. Mushaweh's report states that Sharon McGuire presented that day for a second opinion. Second, the Dr. Mushaweh, in the last paragraph, encourages Sharon McGuire to call him should she develop any additional symptoms.
The court is not persuaded by the defendant's arguments. There is nothing in Dr. Mushaweh's report to convince this court that he was one of Sharon McGuire's treating physicians. In reading the entire report, it is consistent with a report prepared by a medical consultant. Sharon McGuire was sent to Dr. Mushaweh on the advice of her counsel. Simply because Dr. Mushaweh examined Sharon McGuire in order to formulate an expert opinion does not make him a treating physician. Furthermore, the plaintiff has asserted that Dr. Mushaweh will not be called to testify.
For the foregoing reasons, this court overrules the defendant's opposition to the plaintiffs' oral motion in limine to CT Page 1911 preclude Dr. Mushaweh's report from being entered into evidence.
The plaintiffs also move to preclude the testimony and IME report Dr. Lipow on the ground that disclosure pursuant to Practice Book § 220(d) was untimely. Practice Book § 220(d) states, in relevant part, that:
 "Each defendant shall disclose the names of his or her experts in like manner within a reasonable time from the date the plaintiff discloses experts, or, if the plaintiff fails to disclose experts, within a reasonable time prior to trial. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specifically employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the court determines that the late disclosure (i) will cause undue prejudice to the moving party; or (ii) will cause undue interference with the orderly process of trial in the case; or (iii) involved bad faith delay of disclosure by the disclosing party.
The plaintiffs disclosed their experts on March 11, 1996 As of November 26, when the defendant filed his objection to the motion in limine, eight and one-half months had passed since the plaintiffs disclosed their expert witnesses. Furthermore, to the date of argument, the defendant has not properly disclosed Dr. Lipow as an expert witness. Although the defendant did provide the plaintiff with a copy of Dr. Lipow's IME report on November 19, this was insufficient to properly disclose Dr. Lipow as an expert witness pursuant to § 220(d). Section 220(d) requires that a party "shall disclose the name of [the] expert, the subject matter on which the expert is expected to testify, and a summary of the grounds for each opinion." The Appellate Court has held that merely supplying opposing counsel with a copy of an expert's report does not constitute proper compliance with § 220(d). Caccavale v.Hospital of St. Raphael, 14 Conn. App. 504, 506-508, 541 A.2d 893, cert. denied, 208 Conn. 812, 544 A.2d 1107 (1988).
This court further finds that any future late disclosure will cause undue prejudice to the plaintiffs. Because Dr. Lipow's CT Page 1912 report relied on the consultation report prepared by Dr. Mushaweh, the plaintiffs will be prejudiced in that the defendant's expert relied on a report that was not discoverable pursuant to § 220(b). The combination of facts in this case make the court's finding necessary, while any one of these facts, taken alone, might not be sufficient to occasion this result.
For the foregoing reasons, the defendant's opposition to the plaintiffs oral motion in limine to preclude the testimony and IME report of Dr. Lipow is overruled.
DRANGINIS, J.