[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONTO PRECLUDE TESTIMONY OF EXPERT WITNESS
In this motor vehicle accident case, the sole evidence as to the amount of damages to the plaintiff's vehicle was presented through two expert witnesses who testified that the vehicle was a total loss and its value, as established by the National Automobile Dealers Assn. Handbook, was $4,650.
The plaintiff never disclosed the names of the two witnesses, but did send the defendant a copy of the witnesses' "appraisal" and the name of their auto repair co. No request for disclosure was made by the defendant for expert disclosure. The plaintiff never submitted the experts' names or any other information as to the nature of their testimony.
Although the court admitted the expert testimony of trial, it reserved the right to exclude it after the parties had an opportunity to brief their claims of law in regard to Practice Book Section 220(D).
The plaintiff claims that he was under no obligation to disclose his experts because the plaintiff never requested CT Page 8387 disclosure. He cites the latter portion of Section 220(D) which states "(disclosure) . . . shall be made in a timely fashion in response to interrogatory requests pursuant to subsection (A)(1) of this rule . . ."
However, the earlier portion of this section states "In addition to and notwithstanding the provisions of subsections (A), (B), and (C) of this section, any plaintiffs expecting to call an expert witness at trial shall disclose . . . If disclosure . . . is not made in accordance with this subsection (emphasis supplied), . . . such expert shall not testify . . . if the court determines that the late disclosure (i) will cause undue prejudice to the moving party; or (ii) will cause undue interference with the orderly progress of trial in the case; or (iii) invoked bad faith delay of disclosures by the disclosing party . . . ."
This court must determine if Practice Book Section 220(D) requires expert disclosure only upon request from the opposing party or parties or whether disclosure is mandatory without a request being initiated. This court is of the opinion that such disclosure is mandatory.
An examination of Section 220D specifically requires disclosure "notwithstanding the provisions of subsections (A), (B), and (C) . . ." Those subsections refer to disclosure pursuant to interrogatories. Although (D) also contains language referring to disclosure pursuant to interrogatories, it refers to subsection (A)(1) and provides for disclosure additionally pursuant to interrogatories.
Our appellate court has discussed the mandatory provisions of subsection (D) in two opinions.
The plaintiff claims that inasmuch as he supplied the defendant with the expert's report he has complied with Section 220D. Caccanale v. Hospital of St. Raphael, 14 Conn. App. 504,506-508 (1983), holds to the contrary.
Rosenberg v. Castoneda, 38 Conn. App. 628, 632 (1995) holds that the disclosure provisions of Section 220(D) are "mandated materials".
Having found non-compliance with 220(D) however, is not fatal to the question of allowing the expert testimony, because CT Page 8388 the court must still determine if there is "good cause shown" to allow the testimony. The court has discretion to allow the expert testimony if such "will (not) cause undue prejudice to the moving party. (This court has determined that such testimony will not unduly interfere with the orderly progress of the trial, nor did it involve bad faith delay of disclosure).
The court finds that it must take evidence to enable it to make such a finding.
The parties are ordered to appear on September 24, 1997 at 2:00 p. m. to present such evidence.
Freed, J.